[L. A. No. 425. Department One.—August 2, 1898.]

ESPEN SIMONSON et al., Respondents, v. JOHN BURR, as Sheriff, etc., et al., Appellants.

HOMESTEAD—REMEDIAL STATUTE—SUBSTANTIAL PERFORMANCE.—The statute in reference to homesteads is remedial, and is to be liberally construed. Where the several acts required have been substantially performed, and the declaration of homestead contains the essence of the statutory requirements, it will be deemed sufficient to create a valid homestead upon the premises described therein.

ID.—JOINT DECLARATION.—A joint declaration of homestead, containing the essential requirements of the statute, is valid, whether the premises are regarded as the community property of the spouses, or the separate property of the wife. The wife is not required to join with the husband in a declaration of homestead upon community property, but her doing so does not affect its validity; and if the property is her separate property, her necessary consent to the homestead thereon is shown by her joining in the declaration.

ID.—RESIDENCE AND CLAIM OF EACH DECLARANT—USE OF PLURAL.—The use of the plural "we" in the joint declaration of actual residence and claim of homestead is inclusive of the singular, and involves a statement that each of the declarants is actually residing upon the premises, and claims the same as a homestead.

ID.—ABANDONMENT—CHANGE OF RESIDENCE.—A homestead, once lawfully created, can only be abandoned in the way pointed out in sections 1243 and 1244 of the Civil Code. It is not abandoned by the claimants ceasing to reside upon the premises, nor by a lease thereof and the purchase of other property, upon which they have erected another home, in which they are residing.

ID.—CREATION OF HOMESTEAD—PENDING SUIT—FRAUD UPON CREDITORS.—
The creation of a homestead pending a suit by a creditor of the
declarant, before an ordinary money judgment rendered therein, is
not thereby rendered fraudulent or invalid. The doctrine bearing
upon conveyances made to hinder, delay, or defraud creditors has
no application to the creation of a homestead, which may be law-
fully established as a barrier to forced sale under the execution
of any mere money judgment subsequently docketed.

APPEAL from a judgment of the Superior Court of Los An-
geles County. Waldo M. York, Judge.

The facts are stated in the opinion.

Mulford & Pollard, for Appellants.

Kendrick & Knott, for Respondents.

BELCHER, C.—The plaintiffs in this action at all the times
named in the pleadings therein were husband and wife. On
April 6, 1891, the real property involved in the action was con-
veyed by deed to the wife, Bengita Simonson. On December 3,
1892, the plaintiffs jointly executed, acknowledged, and filed for
record a declaration of homestead upon the said property. The
declaration stated that: "We, Espen Simonson and Bengita
Simonson, hereby certify and declare that we are husband and
wife, and that we do now, at the time of making this declaration,
actually reside on the land and premises hereinafter described.
That the land and premises on which we reside are situate in the
county of Los Angeles, state of California, bounded and de-
scribed as follows [then setting out the description]. That it
is our intention to use and claim said land and premises, together
with the dwelling-house thereon, and we hereby do claim the
same as a homestead. That the actual cash value of said prop-
erty we estimate to be four thousand dollars. In witness where-
of we have hereunto set our hands, this third day of December,
1892."

On June 30, 1893, the defendant, George H. Emery, recovered
a judgment in the superior court of Los Angeles county against
the plaintiff, Bengita Simonson, for the sum of sixteen hundred
and forty-nine dollars and forty-five dollars costs, which judg-
ment was duly docketed, and no part thereof has been paid. On

February 6, 1897, a writ of execution upon the said judgment was issued and placed in the hands of the defendant, John Burr, who was then the sheriff of Los Angeles county, and under the supposed authority of said writ he, as such sheriff, levied upon the said real property, and was threatening to advertise and sell the same to satisfy the said judgment. Thereupon the plaintiffs commenced this action to obtain an injunction restraining the sale of the said property, or any part thereof, under or by virtue of said execution.

The complaint sets out all the facts and alleges in effect that the said real property was purchased and paid for with community funds, and at all the times mentioned in the complaint was the community property of the plaintiffs, and that plaintiffs' title thereto would be clouded by such sale, and great and irreparable injury would thereby be done to them. The answer denies, upon information and belief, that the said property, at all the times mentioned in the complaint, or at any time, was community property, or was purchased with community funds; denies that plaintiffs' title to said real property would be clouded by a sale of the same, "other than such as defendants are of right and law entitled to place thereon," or that any injury would thereby be done to plaintiffs; and alleges, upon information and belief, that on or about the month of September, 1896, plaintiffs leased the said property to one Schandoney for the term of one year, and that since said letting they have not lived upon or occupied the same, or any part thereof, but have been and now are living and residing upon other property in Los Angeles county which they lately purchased, and upon which they have erected a home in which they are now residing.

A general demurrer to the answer was interposed and sustained, and, defendants declining to amend, judgment was entered on May 7, 1897, awarding the plaintiffs the relief demanded in their complaint. From that judgment defendants appeal.

1. In support of the appeal it is claimed that the declaration of homestead set out was nugatory and entirely ineffectual to create any homestead right in the property described, for the reason that it was executed jointly by the husband and wife.

The Civil Code provides as to homesteads:

"Sec. 1238.  If the claimant be married, the homestead may be selected from the community property, or the separate property of the husband, or, with the consent of the wife, from her separate property."

"Sec. 1239.  The homestead cannot be selected from the separate property of the wife without her consent, shown by her making, or joining in making, the declaration of homestead."

"Sec. 1260.  Homesteads may be selected and claimed . . . . by any head of a family."

"Sec. 1261.  The phrase 'head of a family' includes 'the husband when the claimant is a married person.' "

"Sec. 1262.  In order to select a homestead, the husband or other head of a family, or, in case the husband has not made such selection, the wife, must execute and acknowledge . . . . a declaration of homestead and file the same for record."

"Sec. 1263.  The declaration of homestead must contain: 1. A statement showing that the person making it is the head of a family; or, when the declaration is made by the wife, showing that her husband has not made such declaration, and that she therefore makes the declaration for their joint benefit; 2. A statement that the person making it is residing on the premises, and claims them as a homestead," etc.

"The statute in reference to homesteads is a remedial measure, and as such is to be liberally construed."  And where the several acts required "have been substantially performed, and where the declaration contains the essence of the statutory requirements, the construction should be so liberal as to advance the object of the constitution and statute." (*Schuyler v. Broughton,* 76 Cal. 524; *Southwick v. Davis,* 78 Cal. 504; *Heathman v. Holmes,* 94 Cal. 291.)

We think the declaration involved in this case shows a substantial performance of all the acts required by the statute, and that it was sufficient to create and establish a valid homestead upon the premises described therein.  The declarants were husband and wife, and the husband was therefore the "head of a family."  If the premises were community property, the husband alone was authorized to select the same as a homestead and to execute a valid declaration of homestead thereon,

and it was not necessary that the wife should join him in doing so. But the fact that she did join him in making the declaration could not, and did not, in any way impair or affect its validity. If, on the other hand, the premises were the separate property of the wife then the homestead could not be selected therefrom without her consent, shown by her making, or joining in making, the declaration of homestead. The fact, therefore, that the parties joined in making the declaration shows a full compliance with the requirements of the statutes, whether the premises are regarded as the community property of the spouses or the separate property of the wife.

The statements that "we do now, at the time of making this declaration, actually reside on the land and premises hereinafter described," and that "we do hereby claim the same as a homestead," are statements that each of the declarants is actually residing on the premises and claims the same as a homestead. "The singular number includes the plural, and the plural the singular." (Code Civ. Proc., sec. 17.)

2. The facts set up in the answer as to the leasing of their homestead property by the plaintiffs, and the purchase of other property upon which they had erected a home in which they were then residing, did not show, or tend to show, an abandonment of the homestead. A homestead once created under the provisions of the Civil Code is not abandoned by the claimants ceasing to reside upon the premises, and it can only be abandoned in the way pointed out in sections 1243 and 1244 of that code. (*Porter v. Chapman,* 65 Cal. 365; *Tipton v. Martin,* 71 Cal. 325; *Lubbock v. McMann,* 82 Cal. 229; 16 Am. St. Rep. 108.)

3. Appellants argue with apparent earnestness that the attempt by respondents to create a homestead was fraudulent. They say the declaration of homestead was filed after Emery commenced the suit in which he obtained the judgment which he is now seeking to enforce, and claim that the purpose was to hinder and delay him in the collection of his debt.

It does not appear from the record when Emery commenced his suit against Mrs. Simonson, and there are no allegations of fraud in the pleadings. But if fraud had been pleaded, this ground of objection to plaintiffs' judgment could not be sustained.

In *Fitzell v. Leaky,* 72 Cal. 477, it is said on page 483: "The homestead is exempt from forced sale, except as provided in the Civil Code. (Civ. Code, sec. 1240.) The very purpose of the homestead law is to give to one—except as against an indebtedness already merged in a judgment, and as against a judgment of peculiar character subsequently entered—the right to preserve and protect a homestead from forced sale. It has never been held that a homestead was invalid because the declarant was in debt, or declared the homestead to protect it from existing debts. It is not invalid because made during the progress of litigation, which subsequently results in an ordinary money judgment against the homesteader, or because made at any time before the entry and docketing of such judgment. The law authorizes a debtor to erect a barrier around the home, over which the sheriff, although armed with final process under such judgment, cannot pass. With the policy of the law, or the abstract morality of a particular transaction, we have nothing to do. The doctrine bearing upon conveyances made to hinder, delay, or defraud creditors has no application to the creation of a homestead." (And see *Beaton v. Reid,* 111 Cal. 484.)

We conclude that the court properly sustained the demurrer to the defendants' answer, and that there is no merit in the appeal.

The judgment should be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Harrison, J., Garoutte, J., Van Fleet, J.