### In re SHEPARDSON.

District Court, S. D. California, N. D.
September 19, 1928.

No. 2024-M.

354

Stephen P. Galvin, of Merced, Cal., for petitioner.

Arthur Allyn, of Fresno, Cal., for bankrupt.

JAMES, District Judge. By this proceeding there is brought up for review an order of the referee in bankruptcy awarding to the bankrupt certain real property as exempt from the claims of creditors. The bankrupt is a married woman, and filed a voluntary petition, upon which an adjudication was made, listing her total debts as amounting to the sum of $9,061.50, with no assets. Carrie M. Jameson, who is the objecting creditor here, is the mother of the bankrupt, and holds a claim in the amount of $5,541, the validity of which is admitted, as the bankrupt herself listed the same in her schedule.

The property held to be exempt consists of 10 acres of land in the farming district of Madera county, in this district. A county road divides the parcel of ground into two plots—one containing 4⁄10 acres; the other containing 9⁵⁷⁄100 acres. On the smaller parcel is a dwelling house occupied by the plaintiff and her husband. The land is farm land, and, except for certain other structures erected on the larger parcel, there are no buildings near the premises, other than some belonging to railroad property, the line of which runs parallel with the main highway upon which the land fronts. Some years prior to the filing of the declaration of homestead, the bankrupt acquired the property by deed, as one plot, and has since held the same.

One week before filing her petition in bankruptcy she filed in the recorder's office in the county of Madera her declaration of homestead, which it is not denied was in due form. At that time the dwelling house on the smaller parcel was used as a place of residence for the family. On the larger parcel, across the county road, which was about 60 feet in width, was a small house, a small building used as a place for the sale of merchandise and gasoline, a barn, and nine small cabins. There was a well, from which domestic water was obtained, located at the side of the small store and filling station building. Toilet facilities were provided at the store building, and were used by the family, as well as others who were upon the ground. The sewage was disposed of at a distance of about 120 feet from the toilets.

The referee found that the bankrupt and her husband operated the small store and service station; that from time to time they rented the small house on the larger parcel of land and the cabins to travelers. There is no finding as to what use the major portion of the larger parcel of land was put, other than that it was "farm land." The finding is further that the store building, cabins, and small house on the larger portion occupied approximately 2 acres of land. The referee, upon the facts, concluded that, "during all of the times involved in this controversy, the bankrupt and her family used the premises in the controversy primarily as a place of residence, and that the entire premises were, during all of the times involved in this controversy, and are, necessary and convenient for the use of the bankrupt and her family as a place of residence, independent of the business conducted on said premises, and that said business was incidental and subordinate to the use by the

bankrupt and her family of said premises for a home, and that the entire premises were impressed with the homestead." There is no dispute as to the facts, but the conclusion of the referee is challenged as being unwarranted under the law.

■ The right to claim exempt property, and the kind and quantity that is to be allowed to the debtor, are matters regulated wholly by the law of the state within which the proceedings are had and the bankrupt resides.

■ Uniformly it has been held by the Supreme Court of California that the homestead exemption statute must be liberally construed, in order to effect the considerations of protection and the humane object which the Constitution of the state and the acts of the Legislature are intended to give expression to. Warner v. Warner, 144 Cal. 615, 78 P. 24; Simonson v. Burr, 121 Cal. 582, 54 P. 87; McKay v. Gesford, 163 Cal. 243, 124 P. 1016, 41 L. R. A. (N. S.) 303, Ann. Cas. 1913E, 1253; Heathman v. Holmes, 94 Cal. 291, 29 P. 404. The California statute (section 1237, C. C.) declares that "the homestead consists of the dwelling house in which the claimant resides, and the land on which the same is situated, selected as in this title provided." The value of the homestead to be so selected, in case such selection is made by the husband or the wife, must not exceed $5,000. C. C. Cal. §§ 1260, 1261, and 1262.

The terms of the statute being general, and containing no specification of the quantity of land to be deemed appurtenant and necessary to the use of the dwelling house, that matter has been regulated for the most part by considering the character of the ground and its location, whether in a thickly settled section, as city lots, or in rural locations, where agricultural pursuits are common, and it is said that each case must be determined upon its own facts. It has been held also that acreage property is properly included in a homestead, even though it may be divided into separate parcels by highways or streets. Gregg v. Bostwick, 33 Cal. 220, 91 Am. Dec. 637. The court there said:

"Both in the Constitution and in the statute the word 'Homestead' is used in its ordinary or popular sense, or, in other words, its legal sense is also its popular sense. It represents the dwelling house, at which the family resides, with the usual and customary appurtenances, including outbuildings of every kind necessary or convenient for family use, and lands used for the purposes thereof. If situated in the country, it may include a garden or farm. If situated in a city or town, it may include one or more lots, or one or more blocks. In either case it is unlimited by extent merely. It need not be in a compact body; on the contrary, it may be intersected by highways, streets, or alleys. * * * In respect to quantity, by itself considered it is unlimited, whether in town or country. In short, the only tests are use and value."

And a large acreage may properly be claimed as exempt in connection with the dwelling house erected upon a part of it. Payne v. Cummings, 146 Cal. 426, 80 P. 620, 106 Am. St. Rep. 47; Bell v. Wilson, 172 Cal. 123, 155 P. 625. In the first of the last two cases cited the court observed:

"Those cases applying to city * * * property used altogether * * * for business purposes, have no application to a case of this character, where the property is situated in a rural district where farming or grazing is the only useful purpose it can be devoted to in addition to making a home of it."

■ Where the claimant is established upon the property for the main purpose of engaging in a certain business, and uses a portion thereof for dwelling purposes only, that he may be convenient to that business, it may not be said that the property comes within the purpose of the statute allowing homestead exemption. On the other hand, where the place is primarily the home of the family, and some business is engaged in on the premises in an incidental way, the conduct of such a business does not deprive the owner of the right to his homestead claim. In McKay v. Gesford, supra, the court announced that:

"Under the rule of liberal construction which it has been repeatedly declared should be extended to homestead laws, in every permissible case where the premises are the bona fide home of the parties, it should be held that the business conducted within the premises is not the paramount or principal purpose, but the incidental and subordinate purpose; that the home is the main thing, and not the business; *that the business is conducted to enable the parties to maintain a home, and not that the parties are incidentally inhabiting the premises for the purpose of maintaining the business.*"

■ In this case we find that the property is naturally rural acreage. There are no large or permanent structures erected upon the larger parcel. The small building in

which the merchandise store and filling station are located, according to the scale on the map, is about 43 feet long and 16 or 17 feet wide. The small house, on the smaller parcel hereinbefore referred to, is of still smaller dimensions than the store building. The patronage afforded in the conduct of the store and filling station, and the use of the small cabins, would depend wholly upon people traveling upon the highway in that remote section. I think it cannot be said, under the facts which the case shows, that the referee was wrong in determining that the business uses to which a part of the land was put were incidental and subordinate to the use of the property as a home for the bankrupt and her family.

The order of the referee, allowing the claim for the exemption of the real property specified in the claim of the bankrupt, is approved and confirmed.