**In re Mario E. ANCIRA, Teresa M. Ancira, Debtors.**

**Bankruptcy No. 579–03656–A–CZ.**

United States Bankruptcy Court,
N. D. California.

Aug. 20, 1980.

James Grube, Campeau and Grube, San Jose, Cal., for trustee, John S. Huffman.

Nancy C. Kepple, Watsonville, Cal., for debtors.

## MEMORANDUM OF INTENDED DECISION

SEYMOUR J. ABRAHAMS, Bankruptcy Judge.

At the hearing on the trustee's objection to the debtors' claim of exemption, James Grube appeared as attorney for the trustee, John S. Huffman, and Nancy Kepple appeared as attorney for the debtors. The parties have filed briefs on the issues considered here, and the court now makes the following memorandum of intended decision.

The factual matters are not disputed. On December 20, 1979, the debtors filed a joint bankruptcy petition under the Bankruptcy Code. Mario Ancira claimed a homestead exemption under California Civil Code, § 1260; the parties have agreed that the amount of that exemption claim is $30,000. Teresa Ancira claimed a $7500 residential exemption under the Bankruptcy Code, 11 U.S.C. § 522(d)(1). Within the time permitted by law, the trustee objected to these claimed exemptions.

The trustee contends that Teresa Ancira cannot be allowed a residential exemption of $7500 when her husband Mario Ancira claims a $30,000 homestead exemption for the same house. The trustee reasons that the subject property is community property and the wife's exemption must be included in the homestead exemption that the husband has claimed as head of the family under California Civil Code, § 1260.

I find no authority, however, and none is cited by the trustee, for the proposition that the wife's exemption must be included in the head of family homestead exemption of the husband. Although there is case law holding that the state homestead exemption extends to the entire *interest* of both spous-

es in property, see, e. g., *Johnson v. Brauner*, 131 Cal.App.2d 713, 281 P.2d 50 (1955), it does not necessarily follow that the wife's federally created *exemption* is included in the state exemption of the husband.

Bankruptcy Code § 522(b) provides, in part:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable . . . .

This subsection represents a significant departure from the law under the Bankruptcy Act of 1898. Absent state action to eliminate the exemptions provided in § 522(d), a debtor is permitted a choice between state and federal exemption statutes. 124 Cong.Rec. H11095 (daily ed. Sept. 28, 1978); 5W. Collier, Bankruptcy, ¶ 522.04, at 522–16 (15th ed. 1980).

Section 522(m) provides that § 522 "shall apply separately with respect to each debtor in a joint case." The plain meaning of this subsection is that each of the joint debtors is free to choose between the state and federal exemptions.

The trustee advances three basic arguments against what the parties refer to as "stacking" of the state and federal exemptions: (1) Congress created a "federal floor/state ceiling exemption scheme," (2) nowhere in the legislative history of the Bankruptcy Reform Act can there be found an intent by Congress specifically to increase the debtors' exemptions in states with "already liberal exemption laws," and (3) to allow the debtors to stack exemptions

"would fly in the face of current California legislative intent." I am not persuaded by these arguments. Nowhere in the Code itself or in the legislative history do I find the terms "federal floor" and "state ceiling," nor do I find an intent to create such a scheme. I do not find an intent of Congress to limit the debtors' exemptions to the state established amount in states with "already liberal exemption laws." Further, I am not convinced that to allow stacking of the exemptions flies in the face of current California legislative intent. Certainly no authority for that proposition has been cited by the trustee. The intent is to protect a debtor's home. Even if the legislative intent might be thwarted, a remedy was provided by the Code. As stated above, § 522(b)(1) allows a state to veto or eliminate the federal exemptions.[1] It is also clear that there is no California policy that the high $30,000[2] homestead exemption must be limited to married *couples*. This exemption amount is also available to (a) all individual persons over age 65 and (b) all individual persons living with close relatives under their care and maintenance. California Civil Code, §§ 1260, 1261.

■ Exemptions are liberally construed in favor of debtors. See, e. g., *Porter v. Aetna Casualty and Surety Co.*, 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962); *Warner v. Warner*, 144 Cal. 615, 78 P. 24 (1904); *Simonson v. Burr*, 121 Cal. 582, 54 P. 87 (1898).

There is no legislative direction or compelling authority against the debtors' position on the stacking issue. Of note, however, is this excerpt from Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 6 U.S. Code Cong. & Admin. News 1978, pp. 5787, 5793:

H.R. 8200, the House version of this bill, contains a provision for exemptions that would allow the debtor to choose between State law or Federal exemptions as set by

---

1. Florida, Georgia, Indiana, Louisiana, Ohio, Tennessee and Virginia have each enacted statutes precluding application of the federal exemptions to their residents. Bankruptcy Service, Awareness Alert, 8 (May 1980).

2. The California legislature has recently raised the exemption, prospectively, to $45,000. 1980 Cal. Legis. Serv., ch. 15.

the bill, whichever is higher. H.R. 8200 would establish 11 categories of property for the Federal exemption, among which is a homestead exemption of $10,000. Such a provision in joint cases would result in a husband choosing State exemptions while a wife might choose Federal exemptions. Together, they could thus retain after bankruptcy, very substantial amounts of property, while their debts would have been discharged. The committee feels that the policy of the bankruptcy law is to provide a fresh start, but not instant affluence, as would be possible under the provisions of H.R. 8200.

Thus, although the authors of the Senate Report may not have been precisely aware of what the parties here are calling "stacking," they were certainly aware of the possible ramifications of the interplay between §§ 522(b) and 522(m)—yet nothing was done in the Code, as enacted, to alleviate this concern, aside from reduction of the federal exemption to $7500.[3]

■ Apparently the trustee believes that the stacking of the two exemptions is unjust and a windfall to debtors. What is "unjust" or a "windfall" is a value judgment, however. Although to some, certain benefits may be unwarranted largess, to others, the same relief may be an essential element of a "fresh start." Obviously, Congress intended to grant extensive benefits to debtors through the new Code. In the absence of a clear indication from the Congress as to the limits on these benefits, I do not believe the courts can restrict exemptions, as requested by the trustee, on the basis of their own concepts of fairness and propriety.

With this background, I interpret the statute liberally in favor of the debtors and in the manner most consistent with the plain language of § 522(m) that the exemptions "shall apply separately with respect to each debtor in a joint case" and hold in favor of the debtors.

3. To place this matter in it proper perspective, I note that the original Senate version of the Code, Senate Bill 2266, basically adopted state law exemptions. The bill, as finally enacted,

For the reasons set forth above, the trustee's objection is overruled. Counsel for the debtors is directed to prepare, serve and lodge an appropriate order within 15 days.

essentially adopted the House version—both state and federal exemptions—with a concession to the Senate allowing the states to eliminate the federal § 522(d) exemptions.