**In re Carole Jean MARTIN, aka Carole Martin, Debtor.**

**Bankruptcy No. LA 80–02029–RM.**

United States Bankruptcy Court, C. D. California.

Oct. 27, 1980.

Andrew F. Leoni of Slate & Leoni, Los Angeles, Cal., for debtor, Carole Jean Martin.

Richard K. Diamond of Danning, Gill, Gould & Joseph, Los Angeles, Cal., appeared for trustee, Gary J. Miller.

MEMORANDUM OPINION RE: TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION

RICHARD MEDNICK, Bankruptcy Judge.

On March 12, 1980, Carole Jean Martin, (Debtor) filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code. On March 31, 1980, Gary J. Miller (Trustee) was duly appointed and now is the qualified Trustee.

Among the assets set forth and claimed exempt in Debtor's schedules is certain real property in Lakewood, California (property), which Debtor asserted was being used as her residence. Debtor claimed the property exempt pursuant to a recorded homestead (California Civil Code § 1240) and an "automatic" homestead under California Code of Civil Procedure 690.235. On May 10, 1980, the Trustee refused to exempt the property when he determined that a homestead declaration had not been recorded.

The parties have stipulated that:

1. Debtor was using the property as her residence at the time she filed the petition;

2. Debtor's exemption rights, if any, are based solely on the provisions of C.C.P. § 690.31 (formerly § 690.235);

3. If Debtor is entitled to a homestead exemption pursuant to that section, the amount of the allowable exemption would be $30,000.00. The property is worth not less than $75,000.00 and it is subject to three encumbrances totaling $43,200.00, leaving an apparent equity of $31,800.00.

There are no material facts in dispute. The sole question is whether and to what extent California C.C.P. § 690.31 creates an exemption good against a Trustee in Bankruptcy. The Trustee takes the position that any rights of the Debtor arising by virtue of C.C.P. § 690.31 are, other than the right to possession, subordinate and junior to those of the Trustee. The Debtor disputes this and claims that the Trustee under these facts takes nothing.

The commencement of a bankruptcy case creates an estate. 11 U.S.C. § 541. That estate is comprised of all legal or equitable interest of the debtor in property, wherever located, as of the commencement of the case. 11 U.S.C. § 541(a)(1). After all property comes into the estate, the debtor is permitted to exempt properly qualified property under 11 U.S.C. § 522(b). The Court has jurisdiction to determine what property may be exempted and what remains property of the estate. 4 Collier on Bankruptcy (15th ed.) § 541.02.

Under the Bankruptcy Code, the debtor may elect to take a set of exemptions prescribed in Section 522(d) (bankruptcy exemptions) or those created by state or local law and federal law other than subsection (d). The debtor may choose from one set or alternatively from the other set, but not from both. 11 U.S.C. § 522(b). If the debtor timely claims exemptions under the law of the state of his domicile, the Bankruptcy Court must give effect to those exemptions in accordance with the law established in that state. *Matter of Reiter*, 58 F.2d 631 (2nd Cir. 1932), *cert. den.* 287 U.S. 652, 53 S.Ct. 116, 77 L.Ed. 563; *In re Shepardson*, 28 F.2d 353 (S.D.Cal.1928); *Matter of Camp*, 17 Am.B.R. 189 (1931).

In the present case, the Debtor timely chose the exemptions provided by the statutes of the State of California. Therefore, it is necessary to examine California law with regard to the disputed homestead exemption.

Section 690.31(a)(1) of the California Code of Civil Procedure, commonly referred to as the dwelling house exemption, provides:

A dwelling house in which the debtor or the family of the debtor actually resides shall be exempt from execution, *to the same extent and in the same amount*, except as otherwise provided in this section, as the debtor or the spouse of the debtor would be entitled to select as a homestead pursuant to Title 5 (commencing with Section 1237) of Part 4 of Division 2 of the Civil Code . . .

(emphasis added)

Section 690.31(a) incorporates the declared homestead law into the dwelling house exemption by defining the extent and the amount of the exemption by reference to the declared homestead provisions.

Writers have suggested that because the wording of the dwelling house exemption and the declared homestead exemption is similar, statutory and case law pertaining to the declared homestead exemption (exclusive of that dealing with recordation) should be applicable to the dwelling house exemption. Adams, *Homestead Legislation in California*, 9 Pac.L.J. 723 (1978).

There is a strong public policy in the State of California to protect the homestead for the debtor, and for the debtor's spouse and family. California courts have directed that the homestead provision be liberally construed in order to carry out the legislative intent. *In re Shepardson, supra; Bonner v. Superior Court*, 63 Cal.App.3d 156, 133 Cal.Rptr. 592 (1976). The California Supreme Court has interpreted the policy behind homestead legislation as follows:

> The object of all homestead legislation is to provide a place for the family and its surviving members, where they may reside and enjoy the comforts of a home, freed from any anxiety that it may be taken from them against their will, either by reason of their own necessity or improvidence, or from the importunity of their creditors. Such legislation, being of a remedial character, is to receive a liberal construction. *In re Estate of Fath*, 132 Cal. 609, 613, 64 P. 995 (1901).

California Civil Code Sections 1237 *et seq.*, the declared homestead provisions, require that a declaration of homestead be filed in the office of the recorder of the county where the property is located. Under the Civil Code, a homestead is not exempt until a declaration of homestead is recorded. It is established in California that the recording of a judgment lien does not cause it to attach to property already subject to a prior recorded homestead declaration. *Engleman v. Gordon*, 82 Cal.App.3d 174, 146 Cal.Rptr. 835 (1978). A creditor can reach the equity in excess of prior recorded liens and the homeowner's recorded exemption only by following a special levy of execution procedure. 2 Ogden's Revised Calif. Real Property Law, p. 982.

The major feature of the homestead recording requirement is that it facilitates chain of title searches. Critics questioned the recording requirement because it denied homestead protection to those debtors unaware of the law. Adams, *Homestead Legislation in California, supra*. The constitutionality of the recording requirement was upheld in *Taylor v. Madigan*, 53 Cal.App.3d 943, 126 Cal.Rptr. 376 (1975). After this decision, the California Legislature enacted the dwelling house exemption (sometimes termed the "automatic" exemption) to provide homestead protection to debtors who fail to timely record declarations of homestead. The resulting legislation created a second method of obtaining a homestead exemption with a major distinction: By statute, a recorded judgment lien does attach to property protected only by the dwelling house exemption. California Code of Civil Procedure § 674(c) provides:

> With respect to real property containing a dwelling house judicially determined to be exempt from levy of execution pursuant to the provisions of Section 690.31, as distinguished from property subject to a declared homestead created pursuant to Title 5 (commencing with Section 1237) of Part 4 of Division 2 of the Civil Code, a *judgment lien* created pursuant to subdivision (a) of this section *shall attach* to such real property notwithstanding the exemption provided by Section 690.31 (emphasis added).

The dwelling house exemption provides the homeowner with alternative protection against the claims of creditors. He can either record a declaration of homestead or obtain a dwelling house exemption. "The latter in certain respects (is) a superior and more effective method, for no longer would execution turn on the outcome of the race to the recorder's office with the resultant loss to the debtor if the abstract of judgment preceded the recordation of the homestead." *San Diego White Truck v. Swift*, 96 Cal.App.3d 88, 93, 157 Cal.Rptr. 584 (1979). The debtor homeowner without a

recorded homestead can protect his home after the entry of judgment and recordation of the judgment abstract by claiming the benefits of § 690.31, *Id.*

■ In summary, California law does provide the debtor with a dwelling house exemption to the same extent and in the same amount as that provided by a recorded homestead. However, the recordation of an abstract causes the judgment lien to attach, subject to prior liens and subject to the dwelling house exemption.

Section 544(a) of the Bankruptcy Code [1] gives the Trustee the rights and powers of a judicial lien creditor, a creditor holding an execution return unsatisfied, and a bona fide purchaser of real property from the debtor.[2] This section is derived from § 70(c) of the Bankruptcy Act. House Report No. 95–595, 95th Cong., 1st Sess. (1977) 370; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 85, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5871, 6326. Under § 70(c), the Trustee was conferred with the status of the "ideal creditor, irreproachable and without notice, armed *cap–a–pie* with every right and power which is conferred by the law of the state upon its most favored creditor who had acquired a lien by legal or equitable proceedings." 4 Collier on Bankruptcy (15th ed.) § 544.02 citing *In re Waynesboro Motor Co.*, 60 F.2d 688 (S.D. Miss.1932).

■ The extent of the rights, remedies and powers of the trustee as a lien creditor are defined by the jurisdiction governing the property in question. *Commercial Credit Co., Inc. v. Davidson*, 112 F.2d 54 (5th Cir. 1940). The rights given to the trustee under the Code are governed by federal law. *Fifth Third Union Trust Co. v. Kennedy*, 185 F.2d 833 (2d Cir. 1950). Section 544(a) gives to the trustee rights equal to the most favored creditor in the applicable jurisdiction as of the commencement of the case. It does not confer upon the trustee any greater rights than those afforded the "ideal creditor." *United States v. Eiland*, 223 F.2d 118 (4th Cir. 1955). Under California law, where property is not protected by a recorded homestead, the "ideal creditor" would have a recorded lien which attaches to the property subject to all prior liens and the exemption provided by C.C.P. § 690.31. Therefore, a trustee in bankruptcy has a judicial lien in the amount of the total valid general unsecured claims. This attaches to the real property of the debtor subject to and junior to all valid prior recorded liens and the full applicable amount of the dwelling house exemption.

To grant the Trustee any greater right would have the effect of denying the Debtor her right to a homestead exemption, would defeat the purpose of homestead leg-

---

1. Section 544(a) reads as follows:
   The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
   (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;
   (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and
   (3) a bona fide purchaser of real property from the debtor, against whom applicable

law permits such transfer to be perfected, that obtains the status of a bond fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

2. The parties have stipulated that the Trustee's assertion is based on his position as judgment lien creditor pursuant to § 544(a)(1). The Court believes the result would be the same under § 544(a)(2). The Court does not reach the question of the rights of the parties with respect to the exemption in question where a trustee asserts the position of a bona fide purchaser of real property pursuant to § 544(a)(3). The Court notes that unlike § 544(a)(1) and (2), § 544(a)(3) deals with actual transfers. Since the exemption provided by C.C.P. § 690.31 requires both ownership and possession which appears to preclude a transfer, it would appear that § 544(a)(3) would not apply, and the parties have so stipulated.

islation as expressed by the California Supreme Court,[3] and would be contrary to the strong public policy in California to provide protection of the homestead. It would also be inconsistent with the Bankruptcy Code which allows state exemptions to be fully utilized. 11 U.S.C. § 522(b)(2)(A).

The dwelling house exemption (C.C.P. § 690.31) affects the property of the bankruptcy estate differently than does the recorded homestead exemption. In the instant case, had a homestead been recorded prior to the filing of the petition, the Trustee would have the standing of a judgment lien creditor with a lien equal to the total amount validly due the general unsecured creditors. His lien would not attach to the property and he would have the status of a general unsecured creditor. *Engleman v. Gordon, supra.* As such, the obligation is dischargeable. Where equity exists above the allowable amount of the homestead exemption, the excess equity passes to the estate. However, absent an equity above the exemption on the date the petition was filed, the estate would take nothing.

█ The claim of exemption pursuant to C.C.P. § 690.31 rather than C.C. § 1240 does not change the standing of the Trustee, but does increase his rights. He has the standing of a judgment lien creditor, with a lien equal to the total amount validly due the general unsecured creditors. But now, the Trustee's lien attaches to the real property. Code of Civil Procedure §§ 690.31 and 674(c) combined with the Bankruptcy Code have changed the status of the Trustee from that of a general unsecured creditor to a secured creditor whose lien is secured by the residential property. This secured obligation is not dischargeable in the bankruptcy. The Trustee's judgment lien attaches to the property and, until he is paid in full, the Trustee is entitled to any surplus in the value of the property above the encumbrances recorded prior to the filing of the petition and the exemption (in this case,

$30,000.00) plus any future increases in the value of the property during Debtor's possession. However, before the Trustee can realize by execution any surplus and/or increase, he must comply with the execution procedures required by C.C.P. § 690.31(c).

The Debtor asserts that under Bankruptcy Code § 522(f)(1)[4] she may avoid the Trustee's judgment lien in full. That section allows a debtor to avoid a judgment lien to the extent it impairs an exemption to which the debtor is entitled pursuant to § 522(b). Application of § 522(f)(1) to this case does not alter the result. Since the Court has found that the Debtor is entitled to assert the full stipulated amount of the homestead exemption against the Trustee, no impairment exists.

This memorandum opinion shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 752(a).

---

**3.** See *In re Estate of Fath*, 132 Cal. 609, 64 P. 995 (1901).

**4.** Section 522(f)(1) provides:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien; . . .