In re Robert C. BRENTS–PICKELL and Juanita L. Brents-Pickell, Debtors.

In re Alvin MARKS dba Marks Institute, dba Marks Clinic and Marguerite A. Marks, aka Marguerite A. Streppa, Debtors.

In re Raymond DIXON and Michelle Dixon, Debtors.

In re Hugh Michael DEWEY and Jacquelyn Dewey, Debtors.

In re Paul Barlow LANGFORD and Melody Ann Langford, Debtors.

Bankruptcy Nos. 80–03177–P, 80–01606–P, 80–03489–P, 81–00247–P and 80–03634–P.

United States Bankruptcy Court, S. D. California.

June 24, 1981.

Philip J. Giacinti, Jr., Trustee, pro se.

Martin Goldberg, Trustee, pro se.

Michael McQuillen, Chula Vista, Cal., Alan P. Wiener, Mark S. Raynes, Paul W. Leehey, San Diego, Cal., Brian Reed, El Cajon, Cal., for debtors.

## MEMORANDUM OF DECISION

ROSS M. PYLE, Bankruptcy Judge.

All of the above cases involve the Trustee's objections to the Debtors' claims of exemptions which raise one or both of the following common questions. The first is whether, if one spouse claims a homestead exemption pursuant to Cal.Civ.Code §§ 1237 *et seq.* (hereinafter CC §§ 1237 *et seq.*) or a dwelling house exemption pursuant to Cal. Civ.Code Proc. § 690.31 (hereinafter CCP § 690.31), can the other spouse then claim, in addition, the exemptions of 11 U.S.C. § 522(d), especially subsections (1) and (5) thereof. The second issue is whether one spouse can claim as exempt the entire community interest under § 522(d) or whether such Debtor can only claim his or her one half interest in the community property.

The facts in each case are set forth below.

## FACTS

1. *In re Brents-Pickell.*

The Debtors have claimed the following exemptions:

| Husband (State Exemptions): | | |
|---|---|---|
| Residence | CCP § 690.31 | $ 40,000 |
| Household goods, etc. | CCP § 690.1 | 3,500 |
| 1975 Jensen Healy | CCP § 690.2 | 5,400 |
| Wife (Federal Exemptions): | | |
| 1975 Datsun | § 522(d)(1) | 1,750 |
| Cash, Bank Deposits, etc. | § 522(d)(1) | 818 |

The Trustee has objected to the wife's claim of exemptions on the ground that husband's claim of exemptions under CCP § 690.31 includes the interest of the wife, thereby precluding her from utilizing the federal exemptions, since a Debtor is precluded from claiming both federal and state exemptions under § 522(b). The trustee also objects to the wife's claim of exemptions for the reason that one-half of each of the items claimed exempt by her is the husband's and he has not claimed them exempt under California's exemption statutes.

2. *In re Marks.*

The Debtors have claimed the following exemptions:

| Husband (State Exemptions): | | |
|---|---|---|
| Household goods, etc. | CCP § 690.1 | $ 2,375 |
| 1973 Chevrolet | 690.2 | 500 |
| Tools of Trade | 690.4 | 2,500 |
| Savings Deposits | 690.7 | 1,000 |
| Health Insurance Benefits | 690.11 | Unknown |
| Dwelling House: | 690.31 | |
| Airstream Trailer | | 4,000 |
| 21 Acres (improved with "butler bldg.") | | 36,000 |
| Wife (Federal Exemptions): | | |
| 21 Acres | § 522(d)(1) | $ 3,550 |
| 1978 Chevrolet | 522(d)(2) | 1,200 |
| Household goods, etc. | 522(d)(3) | 2,740 |
| Jewelry | 522(d)(4) | 500 |
| Jewelry | 522(d)(5) | 100 |
| Paintings | 522(d)(5) | 2,100 |
| Animals | 522(d)(5) | 1,100 |
| Miscellaneous | 522(d)(5) | 1,050 |

The Trustee has objected to these claims of exemptions on two grounds. The first is that Mr. Marks' claim of the dwelling house exemption precludes Mrs. Marks' claims of exemptions under § 522(d)(1) and (5) because California law requires the union of both spouses' interests in a head of household dwelling house exemption. The Trustee's other objection is that the Debtors do not reside in the trailer and it is not an item of real estate so it can not be exempted under CCP § 690.31. Furthermore, the Trustee contends that even if they do reside in it, the appropriate exemption is CCP § 690.3 not CCP § 690.31.

The Debtors rebut the Trustee on two grounds. First, they argue that Mr. Marks is claiming the dwelling house exemption as head of household on the basis of his care and maintenance of their minor child, not as the spouse of Mrs. Marks. Therefore, her interest in the residential property is not covered by his claim of exemption. Their other argument is that the trailer is essential to the use of the property as a residence as it contains bathroom and kitchen facilities. Furthermore, it is semi-permanently attached so that it is within, and a part of their dwelling house, the "butler building."

### 3. *In re Dixon.*

The Debtors claim the following exemptions:

Wife (State Exemptions):

| | | |
|---|---|---|
| Residence | CC §§ 1237 *et seq.* | $40,000 |
| Household goods, etc. | CCP § 690.1 | 2,000 |
| 1978 Datsun | 690.2 | 500 |

Husband (Federal Exemptions):

| | | |
|---|---|---|
| Residence | § 522(d)(3) | 2,000 |
| Household goods, etc. | 522(d)(2) | 1,200 |
| Real Property in Modoc County | 522(d)(5) | 5,000 |
| Unknown property | 522(d)(5) | 400 |
| Accrued salary & tax refunds | 522(d)(5) | (up to) 2,500 |

The Trustee has objected to these claims of exemption on the basis that the wife's claim of a California homestead exemption precludes the husband from claiming federal exemptions for the reasons given in the earlier cases above.[1]

### 4. *In re Dewey.*

The Debtors claim the following exemptions:

One Spouse (State Exemptions):

| | | |
|---|---|---|
| Residence | CCP § 690.31 | $25,000 |
| 1979 Honda | 690.2 | 400 |
| Savings Account | 690.7 | 1,000 |
| Household goods, etc. | 690.1 | 1,000 |

Other Spouse (Federal Exemptions):

| | | |
|---|---|---|
| Tax Refund | § 522(d)(5) | Unknown |
| 1978 Plymouth | 522(d)(2) | 1,200 |

| | | |
|---|---|---|
| 1978 Plymouth (excess equity) | 522(d)(5) | 800 |

The Trustee has objected to the claim of 100% of the equity interest in the 1978 Plymouth under the claim of federal exemptions. He contends that the spouse is only entitled to his or her one-half community property interest, and that the other 50% equity interest remains in the estate of the other spouse who elected state exemptions and has not claimed this interest exempt thereunder.[2]

### 5. *In re Langford.*

The Debtors have claimed the following exemptions:

Husband (State Exemptions):

| | | |
|---|---|---|
| Residence | CCP § 690.31 | $40,000 |
| Household goods, etc. | 690.1 | 2,005 |
| 1976 Ford | 690.2 | 400 |

Wife (Federal Exemptions):

| | | |
|---|---|---|
| Real Property in Florida | § 522(d)(5) | $ 3,145 |
| 1967 Dodge | 522(d)(2) | 100 |
| Animals and Corral | 522(d)(3) | 210 |

The Trustee has objected to any claim of exemption concerning the Debtors' real property in Florida, relying on *In re Skipwith*, 9 B.R. 730 (Bkrtcy., S.D.Cal.1981) and *In re Scott*, No. 80–00732–K and No. 80–00736–P (S.D.Cal. Oct. 24, 1980).

### DISCUSSION

#### 1. *Introduction*

The questions presented in the five cases before the Court all involve the interplay of § 522 and the rather peculiar nature of the California homestead law (CC §§ 1237 *et seq.*), community property law, and dwelling house exemption (CCP § 690.31) law. In each case one spouse has elected either the California dwelling house exemption or through a Declaration of Homestead, the California homestead exemption, while the

---

1. Undoubtedly because the Trustee has objected to Mr. Dixon's claim of exemptions in *toto*, he has not objected specifically to the errors in this claim, to wit: claiming their residence exempt under § 522(d)(3) and claiming household goods, furnishing, appliances and wearing apparel exempt under § 522(d)(2).

2. Although the Debtor claiming state exemptions has claimed their residence exempt under the dwelling house exemption, the Trustee is not objecting to the joint debtor utilizing the federal exemption of § 522(d)(5) for the automobile.

other spouse has elected the federal exemptions pursuant to § 522(b)(1).[3]

In order to dispose of the various problems presented by these cases, this Opinion will first discuss the similarities and distinctions between the two California laws dealing with residential real property exemptions, namely, CC § 1237 *et seq.*, the homestead exemption, and CCP § 690.31, the dwelling house exemption law. This Opinion will then address the different lines of cases concerning the "stacking" of the state dwelling house or homestead exemption claimed by one spouse with the federal exemptions of § 522(d) claimed by the other spouse in community property. Particular emphasis will be placed on the choice of a California homestead or dwelling house exemption by one spouse and the choice of the federal real property exemption contained in § 522(d)(1) as an additional exemption against the same residence by the other spouse. Finally, this Opinion will discuss the question of the election by one spouse of one of the state residential exemptions and the ability of the other spouse to use the § 522(d)(1) and (5) catch-all exemption for property other than the family residential real property.[4]

## 2. The California Residential Exemptions

The law in California with respect to homestead exemptions is contained in CC § 1237 *et seq.* Insofar as is pertinent here, the homestead law provides that the recordation of a Declaration of Homestead by either spouse results in protection for the family residence up to a substantial equity value.[5] The homestead may be claimed for the benefit of both spouses, (CC § 1263), although only one need file the Declaration of Homestead, (CC § 1262).

CCP § 690.31 provides a new and distinct California residential exemption commonly known as the "dwelling house exemption". *Daylin Medical & Surgical Supply, Inc. v. Thomas,* 69 Cal.App.3d Supp. 37, 41, 138 Cal.Rptr. 878 (1977).

The dwelling house exemption is the same as the California homestead law as to amount and ability of only one spouse to claim it for the benefit of both. They also both provide methods by which an executing judgment creditor may obtain any amounts in excess of the exempted amount, and set up elaborate procedures and restrictions on the methodology of execution and sale.

█ They differ in certain respects, however. There is no statutory definition as to

**3.** § 522(b) provides as follows:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative, . . .

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

**4.** § 522(d)(1) and (5) provide as follows:

"(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

\*    \*    \*    \*    \*    \*

(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property."

**5.** CC § 1260 as amended in 1980 provides for a homestead allowance of $45,000 for a head of family. Prior amendments have increased the homestead allowance over the years as follows:

| | | | |
|---|---|---|---|
| 1945 | $ 6,000 | 1970 | $20,000 |
| 1953 | 12,500 | 1976 | 30,000 |
| 1968 | 15,000 | 1978 | 40,000 |

how a dwelling house exemption is abandoned as there is for a homestead in CC § 1243. A judicial lien will attach to property subject to a dwelling house exemption, [CCP § 674(c)],[6] whereas it will not attach to homesteaded property if the Declaration of Homestead is filed and recorded before the judicial lien comes into being. *See Engelman v. Gordon*, 82 Cal.App.3d 174, 146 Cal.Rptr. 835 (1978); *In re Martin*, 6 B.R. 827, 830 (Bkrtcy., C.D.Cal.1980).

An important distinction between the two bodies of California residential exemption laws in relation to the Bankruptcy Code is the attachment of the judicial lien to the property under the dwelling house exemption. This is because the Trustee as a judicial lien creditor under 11 U.S.C. § 544(a)(1)[7] may, upon abandonment or voluntary sale of the property, enforce his lien. [For a thorough discussion of this proposition see this Court's decision in *In re Bouchard*, 11 B.R. 869 (Bkrtcy., S.D.Cal.1981)].

With that major difference between the homestead law and the dwelling house exemption being noted, for all·other purposes the two exemptions may be treated as identical insofar as the stacking of federal and state "homestead"[8] exemptions are concerned. Therefore, this Opinion will treat both California exemptions under the characterization of "California residential-exemption".

### 3. *Where One Spouse Claims A California Residential Exemption, May The Other Spouse Claim An Additional Federal Exemption In The Same Residence?*

In considering this question, courts have divided into three general schools of thought.

The first line of cases holds that since the California residential exemption protects the interest of both spouses jointly, then when one spouse elects the state residential exemption, the other spouse must also claim that exemption. There is logic to this position since two residential exemptions are prohibited by state law, and, since only one is allowed, if the other spouse claims the residential exemption under the federal exemption scheme [§ 522(d)(1)], that spouse would be, in essence, splitting exemptions between state and federal which is prohibited under § 522(b). In other words, the claim by one spouse of the California residential exemption leaves the other spouse no·choice, since that exemption is claimed for the benefit of both spouses. Therefore, the second spouse, because of the election of the first spouse of the state residential exemption, is compelled to make that same election and is confined only to the state election. For this line of cases see *In re Ageton*, 5 B.R. 323 (Bkrtcy., D.Ariz.1980); and from this district see *In re Scott*, No. 80–00732–K & No. 80–00736–P (S.D.Cal. Oct. 24, 1980), a decision of Judge Herbert Katz; and *In re Skipwith*, 9 B.R. 730 (Bkrtcy., S.D.Cal.1981), a decision of Judge James W. Meyers.

---

**6.** CCP § 674(c) provides as follows:
   (c)  With respect to real property containing a dwelling house judicially determined to be exempt from levy of execution pursuant to the provisions of Section 690.31, as distinguished from property subject to a declared homestead created pursuant to Title 5 (commencing with Section 1237) of Part 4 of Division 2 of the Civil Code, a judgment lien created pursuant to subdivision (a) of this section shall attach to such real property notwithstanding the exemption provided by Section 690.31.

**7.** Section 544(a)(1) provides as follows:
   (a)  The Trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any

creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
   (1)  a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists; . . ."
(It should be noted that the Trustee while technically not a judicial lien creditor, is, by this section granted the same rights and powers.)

**8.** *See Footnote 10, infra.*

The other extreme is represented by the cases of *In re Ancira*, 5 B.R. 673 (Bkrtcy., N.D.Cal.1980); *In re Collins*, 5 B.R. 675 (Bkrtcy., N.D.Cal.1980); *In re Martin*, 6 B.R. 827 (Bkrtcy., C.D.Cal.1980); *In re Brosius*, 7 B.R. 811 (Bkrtcy., C.D.Cal.1980); and *In re Carstens*, 8 B.R. 524 (Bkrtcy., N.D. Iowa 1981). These cases hold that there is no authority for the proposition that a spouse's exemption must be included in the head of a household exemption of the other spouse under state law, although it extends to that spouse's interest, and the courts in those cases allowed the stacking of state homestead and federal exemptions.

Finally, there is the somewhat middle-of-the-road position taken by the court in *In re Dill*, 6 B.R. 396 (Bkrtcy., N.D.Cal.1980). In this case, Judge Wolfe held that to the extent the debtor's equity in his or her residence had been protected by a state homestead, then the residential exemption provided by § 522(d)(1) has been used within the meaning of § 522(d)(5).[9] As the court stated:

"This construction gives full effect to the strong policy in favor of protecting the home and avoids the unreasonable result of giving one spouse double protection. This, if a debtor's one-half equity ownership in the home jointly owned with a spouse who has claimed the California homestead exemption claims the Federal exemptions, the Federal $7,500 residential exemption has been used to the extent that the debtor's equity has been protected by the California Homestead Exemption. If the equity so protected is less than $7,500, the excess should be available for application to other property of the debtor."

■ Consideration of the developing body of law as applied to the facts in these cases and this Court's reasoning compel it to prefer the line of cases beginning with *In re Ancira, supra.* As a matter of comity and professional courtesy, brother judges in the same district are accustomed to following each other's decisions. *In re Terzich's Petition*, 153 F.Supp. 651, 653 (W.D.Pa. 1957), aff'd 256 F.2d 197 (3d Cir.), cert. den. 358 U.S. 843, 79 S.Ct. 66, 3 L.Ed.2d 77 (1978). However, my reasoning here leads me to a different ruling than that of my brothers in this district. *White v. Baltic Conveyor Company*, 209 F.Supp. 716 (D.N.J. 1962).

■ It is clear that under California law only one spouse need claim the homestead although it extends to both spouses' interests. *In re Ancira, supra.* Additionally it is also clear that under California law only one homestead may be claimed.[10] *Strangman v. Duke*, 140 Cal.App.2d 185, 189, 295 P.2d 12 (1956).

■ However, the Bankruptcy Code grants each debtor the right to separately choose which body of exemption laws apply, either federal or state.[11] If the state residential exemption law is in conflict with this choice granted by Congress to each spouse, then state law must give way to the Federal Bankruptcy Code. U.S.Const. art. VI (Supremacy Clause).

■ In answer to the argument that such a ruling gives one spouse the benefit of both the state and federal residential exemptions by an unfair stacking of such exemptions, it must be remembered that Congress enacted the Bankruptcy Code to apply in all 50 states and did not choose to distinguish among the exemption laws of each state. Rather than do so, Congress elected to give the states the choice of whether or not only the state exemptions should apply. [ § 522(b)(1).] Each state by legislative enactment can, as they individu-

---

9. See Footnote 4, *supra.*

10. It should be noted that § 522(d)(1) does not term itself a "homestead exemption" (see Footnote 4, *supra*) at all, that characterization is merely judicial gloss which may have prompted decisions such as *In re Ageton, supra.* The effort in this opinion is to treat the Federal

residential exemption as new and distinct, and to avoid the use of the term "federal homestead exemption".

11. Section § 522(m) provides as follows:

(m) This section shall apply separately with respect to each debtor in a joint case.

ally see fit, effectively do away with the choice of the federal exemptions entirely. Indeed, fourteen or more states have done so. 3 *Collier on Bankruptcy*, ¶ 522.02, n.4a at 522–11 (15th Ed.1980). California has this choice and so far has not elected to opt out from the federal exemptions. The policy decision involved in connection with such exemptions is clearly one for the legislature, not for the judiciary whose job it is to construe the law. *FTC v. Jantzen, Inc.*, 386 U.S. 228, 235, 87 S.Ct. 998, 1002, 18 L.Ed.2d 11 (1967); *Evans v. Abney*, 396 U.S. 435, 90 S.Ct. 628, 24 L.Ed.2d 634 (1970).

4. *May One Spouse Claim The California Residential Exemption And The Other Spouse Claim The Exemption Under § 522(d)(1) And (5) For Property Other Than Residential Property?*

■ Section 522(d)(1) and (5) state as follows:

"(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

\* \* \* \* \* \*

(5) the debtor's aggregate interest not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property."

Thus, subsection (d)(5) may be chosen by a debtor in any amount up to $7,900, and the debtor has the freedom to apply any unused portion of the $7,500 exemption under § 522(d)(1) to any other property.

The earlier part of this discussion dealt with the distinction between the California residential exemption laws and federal ex-

emption laws. By that same reasoning, the debtor can select other property to exempt under § 522(d)(5) since the federal exemption has not been used by that debtor.

One further question, however, remains. Where one spouse has claimed the California residential exemption to its full extent, under the federal law what may the remaining spouse claim? § 522(d) provides that the debtor can claim an exemption to the extent of that person's interest in property. The trustee argues that the extent of a spouse's aggregate interest in community property is an undivided one-half interest, albeit an undivided one-half. *See* Cal.Civ. Code § 5105.

The Trustee's argument is well taken. Accordingly, a debtor can only exempt his or her one-half interest in community property under § 522(d) and the other half remains in the estate unless exempted by the other spouse. The case of *In re Smith*, 8 B.R. 375 (Bkrtcy., S.D.Cal.1980) has disposed of the question of indivisibility of community property since under 11 U.S.C. § 363(g), (h) and (i) the Trustee has the power to sell community property whether or not consented to by both spouses.[12]

5. *Is The Marks' Trailer Exemptible Under CCP § 690.31 As Part Of The Dwelling House?*

■ Section 690.31(2) provides as follows: A mobilehome as defined in § 18008 of the Health and Safety Code in which the debtor or the family of the debtor actually resides, together with the outbuildings and the land on which the same are situated, shall be exempt from execution, to the same extent and in the same amount, as is provided for a dwelling house in this section. For the purposes of this section, "dwelling house" includes such a mobilehome.

Section 18008 of the California Health and Safety Code defines a mobilehome as "structure transportable in one or more sec-

---

12. There is no controversy over the fact that all of the property involved in each of these cases is community property.

tions, designed and equipped to contain not more than two dwelling units to be used with or without a foundation system." It does not include "a recreational vehicle, commercial coach or factory-built housing."

The Marks' trailer as it currently is being used, so long as it is actually resided in, may be claimed exempt under § 690.31.

## CONCLUSIONS

### 1. *In re Brents-Pickell*

As to the federal exemptions claimed by Mrs. Brents-Pickell, her exemption claims will extend to her one-half interest in each item of community property claimed under § 522(d)(1). Since Mr. Brents-Pickell has not claimed this property exempt under California exemption statutes, his one-half interest remains in the estate.

### 2. *In re Marks*

Mrs. Marks' federal exemption of the real property extends only to her undivided one-half interest in the equity over and above the $40,000 state exemption claimed by Mr. Marks in the trailer, butler building and 21 acres. As to the items of community personal property claimed exempt under other subsections of § 522(d), Mrs. Marks' exemptions will be allowed as to her one-half interest therein.[13]

### 3. *In re Dixon*

Mr. Dixon is entitled to the $7,500 exemption under § 522(d)(1), but not to exceed one-half of the equity of the real property over and above the homestead exemption of Cal.Civ.Code § 1237 *et seq.* As to those federal exemptions claimed by Mr. Dixon in other community property, the items will be allowed as to one-half of the market value of each such item.[14]

### 4. *In re Dewey*

The automobile claimed exempt under the federal exemption will be allowed but only to the extent of one-half the community property interest therein. The other one-half interest was not claimed exempt by the other spouse and so remains in the estate.

### 5. *In re Langford*

Mrs. Langford's claim of exemptions is allowed as to an undivided one-half interest in the community property. The other one-half remains in the estate as it was not claimed exempt by Mr. Langford.

All the above Debtors shall have twenty days from the date hereof to amend their claims of exemptions if they choose to do so.

The Trustee shall prepare an appropriate order in each case within ten (10) days from the date hereof.

The foregoing shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 752.

---

**13.** Since the Court has allowed stacking of federal and state residential exemptions, it does not reach the question of whether Mr. Marks can claim a dwelling house exemption as head of household as a parent as opposed to a spouse.

**14.** Mr. Dixon should amend his claims of exemption to cure the errors therein as noted in footnote 1, *supra.*