**In the Matter of Edith H. COX, aka Edith H. Garries, Debtor.**

**Edith H. COX, aka Edith H. Garries, 5065 Norris Drive, Dayton, Ohio 45414, Plaintiff,**

v.

**BLAZER FINANCIAL SERVICES, INC., 5188 Brandt Pike, Dayton, Ohio 45424, Defendant.**

**Bankruptcy No. 3–79–0009.**

United States Bankruptcy Court, S. D. Ohio, W. D.

May 13, 1980.

R. L. Cousineau, Dayton, Ohio, for defendant.

Donald F. Harker, III, Dayton, Ohio, for plaintiff.

George Ledford, Englewood, Ohio, Trustee.

DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court by Complaint to Avoid Lien, filed by Debtor, Edith H. Cox, aka Edith H. Garries, under 11 United States Code Section 522(f)(2) on December 19, 1979. At pretrial hearing on January 28, 1980 Plaintiff, Debtor and Defendant, Blazer Financial Services, Inc., agreed to submit to court decision on Briefs

to be presented simultaneously by both parties on February 29, 1980.

## FACTS

The facts that gave rise to the plaintiff debtor's complaint are not at issue and are stipulated by the parties. Briefly, the facts are as follows:

(1) On or about June 1, 1979, Defendant loaned Plaintiff the sum of $4,349.76 and Plaintiff executed a promissory note payable to Defendant in that amount.

(2) On or about June 1, 1979 Defendant also acquired a nonpossessory, non-purchase-money security interest in Plaintiff's household goods and furnishings.

(3) On October 29, 1979 Plaintiff filed a petition for relief under Chapter 7 of Title 11, United States Code.

(4) Plaintiff's household goods and furnishings subject to Defendant's lien are used primarily for the personal use of the Plaintiff.

(5) On December 19, 1979 Plaintiff filed a Complaint to Avoid Lien under 11 United States Code Section 522(f)(2), to avoid the Defendant's lien on Plaintiff's household goods and furnishings.

## ISSUE

The issue is whether the bankrupt may avoid the fixing of a lien under 11 United States Code Section 522(f), when the avoidance is permitted by Federal law but apparently denied by State of Ohio law.

This issue results from the interaction of Federal and Ohio laws, and can be further clarified by a listing and brief explanation of the applicable section of those laws. To wit:

(1) 11 United States Code Subsection 522(f)(2) permits avoidance of the fixing of a lien. That avoidance is limited to liens that would impair an exemption to which the debtor would have been entitled under Subsection 522(b).

(2) Subsection 522(b) allows a debtor the exemptions listed in Subsection 522(d). It also allows States to establish their own list of exemptions and deny debtors those exemptions listed in Subsection 522(d).

(3) Pursuant to Section 522(b) Ohio Revised Code Section 2329.66 does specify different exemption entitlements for a debtor in Ohio.

(4) In addition, Section 2329.661(3)(c) disallows any exemption that would affect or invalidate an existing security interest or lien fixed thereby.

This last limitation on exemptions creates the conflicting provisions of the Federal and State of Ohio laws. If, under Ohio law, a debtor is not entitled to a specific exemption, then, purportedly Subsection 522(f) may not be invoked to avoid the fixing of a lien against that non-applicable exemption. The following discussion amplifies the previously sketched outline of the issue and interprets the apparent result intended by Congress in enacting the applicable parts of Section 522.

The point of dispute originates from the wording of 11 United States Code Section 522(f) which provides for avoidance of a lien and establishes limits on any potential avoidance;

". . . [T]he debtor may avoid the fixing of a lien on an interest in property *to the extent that such lien impairs an exemption to which the debtor would have been entitled under Subsection (b) . . ."*

In this case, the subject lien satisfies the other applicable qualification contained in Subsection 522(f) which govern avoidability; the lien is a nonpossessory, nonpurchase-money security interest in household goods and furnishings. The words ". . . an exemption to which the debtor would have been entitled under Subsection (b) . . ." lead into development of the present issue by referring to Subsection 522(b).

Subsection 522(f) permits an individual debtor to exempt from property of the es-

tate, that property specified under Subsection 522(d). The issue before the court would never have arisen if those Subsection 522(d) exemptions were absolutely exclusive. This debtor would have been entitled to exempt her household goods and furnishings, and would have been permitted to avoid the fixing of lien on that property. However, Congress chose to permit alternative exemption entitlements by including in Subsection 522(b), authority for any State affirmatively to deny debtors the right to choose the Subsection 522(d) exemption.

> ". . . [A]n individual debtor may exempt from property of the estate . . (1) property that is specified under Subsection (d) of this section, *unless the State law that is applicable to the debtor . . specifically does not so authorize; . .*"

Pursuant to this authority in Subsection 522(b), Ohio has enacted Ohio Revised Code § 2329.66 which establishes exemption entitlements of a debtor in the State and, also, precludes debtor selection of the Federal exemption listed in Subsection 522(d) of the Bankruptcy Code.

Again, if the Ohio law extended no further, unquestionably this debtor would be entitled to exemption of her household goods and furnishings, and would be able to avoid the fixing of a lien against that interest. However, Ohio has apparently taken a quantum leap beyond the permissive language of Subsection 522(b). Ohio Revised Code Section 2329.661(3)(c) states:

> "Section 2329.66 of the Revised Code does not affect or invalidate any sale, contract of sale, conditional sale, security interest, or pledge of personal property or any lien created thereby."

In effect, Ohio not only reduces the availability of exemptions but, also purports to prevent the operation of Subsection 522(f), the avoidance of a lien that impairs the debtor's otherwise exempt interest in property. The latter results because, if under Ohio Revised Code Section 2329.661(3)(c) above, no exemption may affect or invalidate a creditor's security interest, then a debtor is thereby not entitled to any such

exemption and may not invoke Subsection 522(f) which is specifically applicable only to allowable exemptions. The pivotal question that surfaces is whether Congress intended to not only allow States to determine which list of exemptions would be available to a debtor, but also to permit State law to modify or preempt other substantive areas of the Bankruptcy Code.

A close scrutiny of the Bankruptcy Code produces no specific authority for the States to enact laws beyond selecting debtor exemption entitlements. Subsection 522(b) allows an individual to exempt property listed in Subsection (d), ". . . unless the State law that is applicable to the debtor . . . specifically does not so authorize . . ." That wording leaves no doubt that a State may deny a debtor the exemptions listed in Subsection (d), and may provide different entitlements. Congressional legislative history shows that the authority was intended to allow States to determine whether the Federal exemptions or those of a State, would be applicable. (124 Congressional Record § 17,412, October 6, 1978). Any authority beyond that is more than questionable.

No specific wording in the Bankruptcy Code authorizes States to limit exemption entitlements to those not affecting or invalidating a security interest, as Ohio has done by enacting Ohio Revised Code Section 2329.661(3)(c). No authority can be found which would allow States to deny debtors the availability of Subsection 522(f) to avoid the fixing of certain liens. Also, nothing can be found in the Congressional legislative history that would lend support to implying the existence of any authority for either type of State law.

The logical conclusion which follows is that Congress provided the authority stated in Subsection 522(b) to allow States to select exemption listings, and would have specifically included any further authority if intended. Circuitous deduction can not substitute for specific authorization, especially when any State law founded on implied authority may conflict with other provisions of the Bankruptcy Code.

Wording of the authority contained in Subsection 522(b) further supports this interpretation. To wit:

". . . unless the State law that is applicable to the debtor . . . *specifically* does not so authorize . . . ."

CONCLUSION

With requisite authority, Ohio has specifically denied debtors the availability of exemptions listed in Subsection 522(d). Without specific authority, the law of the State of Ohio can not be read to deprive a debtor of the remedy provided by Subsection 522(f). It is not necessary in this case to determine whether Ohio may, by Ohio Revised Code Section 2329.661(3)(c), limit exemption entitlements to those not affecting or invalidating a security interest or lien created thereby. The determination that Subsection 522(f) is available to a debtor in Ohio is sufficient basis for decision since this debtor's attempted avoidance qualifies under that section for the relief requested. The avoidance of such a lien is a valid exercise of the bankruptcy powers conferred upon the Congress of the United States. See decision by this Court, in *Rutherford v. Associates Financial Services,* Case No. 3–79–02046, Adv. No. 3–80–0025.

This section is a remedial device for implementing the rights to exemptions adopted by either Federal or State law. To permit State law to defeat this right would contravene the paramount authority granted by the United States Constitution to the Congress to enact a uniform system of bankruptcy. The provisions of Ohio Revised Code Section 2329.661(3)(c) is applicable only to such exemption rights as asserted in the state courts, to avoid an unconstitutional impairment of contracts by state enactments.

*ORDERED, ADJUDGED AND DECREED,* that, pursuant to 11 United States Code Section 522(f)(2), the creditor's nonpossessory, nonpurchase-money security interest held on the debtor's household goods and furnishings is declared void.