**In re Dwight Dixon COLLINS, Patte Dee Collins, Debtors.**

**Bankruptcy No. 579–03348–A.**

United States Bankruptcy Court, N. D. California.

Aug. 20, 1980.

James Grube, Campeau and Grube, San Jose, Cal., for trustee, Jerome Robertson.

Michael J. Lazarus, Palo Alto, Cal., for debtors.

## MEMORANDUM OF INTENDED DECISION

SEYMOUR J. ABRAHAMS, Bankruptcy Judge.

At the hearing on the trustee's objection to the debtors' claims of exemption, James Grube appeared as attorney for the trustee, Jerome Robertson, and Michael Lazarus appeared as attorney for the debtors. After hearing oral argument, this court ordered the parties to submit briefs on certain issues. The court now makes this memorandum of intended decision on the submitted issues.

On November 14, 1979, the debtors filed a joint bankruptcy petition. Patte Dee Collins claimed an exemption of $40,000 on their residence pursuant to California Code of Civil Procedure, § 690.31. Dwight Dixon Collins did not claim the home in his schedule of exemptions but did claim an exemption of $7900 in a credit union account relying upon 11 U.S.C. §§ 522(d)(1) and 522(d)(5). The trustee objected to these claimed exemptions.

The trustee contends that the exemption claim of Mr. Collins creates an ambiguity because of the trustee's inability to determine if the exemption is pursuant to 11 U.S.C. § 522(d)(1) or § 522(d)(5). The trustee argues that, if Mr. Collins is claiming the $7900 in the credit union account is exempt under subsection § 522(d)(1), the debtors are attempting to "stack" the federal and California homestead exemptions, which the trustee contends is not permissible. Alternatively, if the debtor is claiming the $7900 is exempt under subsection 522(d)(5), the trustee argues that the debtor has waived his exemption and the trustee takes Mr. Collins' entire interest in the property.

I find the arguments and the legislative history cited by the trustee are not persuasive. I think it clear that the exemption is based upon § 522(d)(5) and refers to § 522(d)(1) only to clarify that the unused portion of that provision is being applied under the § 522(d)(5) exemption. In addition, even if the debtors were "stacking"

their exemptions, the plain language and meaning of § 522(m) permit this. See *In re Ancira*, Bkrtcy.N.D.Cal., —— B.R. ——. I am not persuaded otherwise by the legislative history cited by the trustee in his brief.

The trustee's argument that Mr. Collins has waived his exemption in the residence is without merit. Pursuant to § 690.31 of the California Code of Civil Procedure, Mrs. Collins is entitled to claim a head of family residential exemption. She has done so. Because a homestead exemption extends to the entire interest of both spouses in the property (*Johnson v. Brauner*, 131 Cal. App.2d 713, 281 P.2d 50 (1955)), and because § 690.31(a)(1) incorporates the relevant provisions of the homestead sections, the residential exemption extends to the entire interest of both spouses in the property. Thus, protected by the exemption claimed by his wife, Mr. Collins has waived nothing.

The trustee's objections to the exemptions on the above grounds are overruled. Counsel for the debtor is to prepare, serve and lodge an appropriate order within 15 days.