**In re Bonnie Jean RODGERS, Debtor.**

**BENEFICIAL FINANCE COMPANY OF VIRGINIA, INC., Plaintiff,**

v.

**Bonnie Jean RODGERS, Defendant.**

**Bankruptcy No. 7–80–00220.**
**Adversary Proceeding No. 7–80–0049.**

United States Bankruptcy Court,
W. D. Virginia.

Sept. 11, 1980.

Martin R. Willis, Roanoke, Va., for plaintiff.

Cherry C. Harman, Legal Aid Soc. of Roanoke Valley, Roanoke, Va., for defendant.

MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The question presented is whether § 522(f) of The Bankruptcy Reform Act of 1978 allows the Debtor to avoid a creditor's nonpossessory nonpurchase money security interest in household goods claimed exempt pursuant to the laws of Virginia.

The facts have been stipulated by the parties and are set out as follows:

1. On May 21, 1979, Bonnie Jean Rodgers and her husband executed a promissory note payable to Beneficial Finance Company of Virginia, Inc. in the amount of $2,115.00 and a security agreement which granted Beneficial a security interest in certain items, including a 19″ Sears color TV and a Yashica 35mm camera listed on a financing statement of December 23, 1977.

2. Beneficial's security interest in the TV and camera is perfected by the timely filing of the financing statement.

3. On February 27, 1980, Rodgers filed a homestead deed in the Circuit Court for the City of Roanoke, Virginia which set apart as a part of her homestead the TV and camera. Rodgers is a householder entitled to file a homestead deed and the homestead deed was timely and properly filed.

4. Bonnie Jean Rodgers filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 28, 1980.

5. In her schedule of exempt property, Rodgers claimed as exempt a color TV and a Yashica camera, which are the only two items still in contention in this proceeding.

6. The TV and camera are the only remaining property of the debtor securing Beneficial's claim.

7. Except as it may be affected by the bankruptcy, Beneficial has an otherwise valid security interest in the TV and camera.

8. The debtor's note to Beneficial specifically waives the debtor's right to homestead.

9. Beneficial's security interest is a nonpossessory, nonpurchase money security interest.

10. The camera and TV are household goods held primarily for the personal, family and household use of the debtor.

11. The amount of Beneficial's claim is $1,544.97.

12. The value of the TV and camera is, at most, $1,000.00.

There are numerous reported cases since the enactment of the Bankruptcy Reform Act of 1978 in which § 522(f) has been interpreted. However, there has been none in Virginia and only a few in states like Virginia that have chosen by their legislature to "opt–out" of the Federal exemptions provided by § 522(d). Virginia recognizes distinct and specific homestead laws in Title 34 of the Virginia Code. Unless the debtor's property is found to be exempt within the meaning of Title 34, the debtor will not be able to avoid the non–possessory non–purchase money security interest in her camera and TV.

Initially, let us turn to the statute in issue. 11 U.S.C. § 522(f) reads:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor."

Importantly, the Virginia legislature in its wisdom sought to maintain the long–settled and often–used homestead laws of this state. In trying to do so, in 1979 it enacted *Virginia Code Annotated* § 34–3.1 (1980 Cum.Supp.) which provides:

"No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act (Public Law 95–598), except as may otherwise be expressly permitted under this title. (1979, c. 692.)"

The important fact to remember is that Virginia chose to "opt out" of 11 U.S.C. § 522(d) which provided for far more liberal exemptions under the Federal scheme. The problem is how to read § 522 in light of Virginia's "opting–out" statute.

Upon the enactment of the new Bankruptcy Code a new exemption section was offered to the states at their option. The new Section, § 522(d) is independent of the state exemption and may be used in lieu of the state exemption, unless for example as in the case of Virginia, the state forbids the use of the Federal exemption. *See Virginia Code Annotated* § 34–3.1. However, having created the new exemption, Congress then needed to protect it from being emasculated by a blanket security interest in the entirety of the debtor's exempt property.

Thus, the rationale for the creation of § 522(f) was to prevent abuses by overbearing creditors as indicated by the legislative history.

"In addition, the bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may void any judicial lien on exempt property, and any nonpurchase money security interest in certain exempt property such as household goods. The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions. The second right will be of more significance for the average consumer debtor. Frequently, creditors lending money to a consumer debtor take a security interest in all of the debtor's belongings, and obtain a waiver by the debtor of his exemptions. In most of these cases, the debtor is unaware of the consequences of the forms he signs. The creditor's experience provides him with a substantial advantage. If the debtor encounters financial difficulty, creditors often use threats of repossession of all of the debtor's household goods as a means of obtaining goods as a means of obtaining payment.

In fact, were the creditor to carry through on his threat and foreclose on the property, he would receive little, for household goods have little resale value. They are far more valuable to the creditor in the debtor's hands, for they provide a credible basis for the threat, because the replacement costs of the goods are generally high. Thus, creditors rarely repossess, and debtors, ignorant of the creditors' true intentions, are coerced into payments they simply cannot afford to make.

The exemption provision allows the debtor, after bankruptcy has been filed, and creditor collection techniques have been stayed, to undo the consequences of a contract of adhesion, signed in ignorance, by permitting the invalidation of nonpurchase money security interests in household goods. Such security interests have too often been used by overreaching creditors. The bill eliminates any unfair advantage creditors have." (Footnotes omitted) H.R.Rept.No.595, 95th Cong., 1st Sess. 126–127; 1978 U.S.Code Cong. & Admin.News, pp. 6087–6088.

It must be remembered that the language of 522(f) indicates that 522(f) protects and insulates only whatever exemptions, if any, have been created by Virginia's exemption system. Section 522(f) provides in pertinent part:

". . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that *such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section* . . . ." (emphasis added)

Section 522(b) provides:

"Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, *or State or local law* that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under

applicable nonbankruptcy law. (emphasis added)

This Court has recently held that 11 U.S.C. § 522(b)(2)(B) exempts entirety property claimed by a debtor and excludes such property from 11 U.S.C. § 541 as property of the estate to be administered by the trustee. *See Bass v. Thacker, et ux.*, 5 B.R. 592 (Bkrtcy., W.D.Va.1980) and *Day v. Scott, et ux.*, 5 B.R. 592 (Bkrtcy., W.D. Va.1980).

Congress enacted 11 U.S.C. § 522(f) to protect the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. H.R.Rep.No. 95–595, 95th Cong. 1st Sess. 362 (1977); S.Rep.No. 95–989, 95th Cong. 2nd Sess. 76 (1978). Congress looked to the practice of creditors with judicial liens and nonpurchase money security interests under the Bankruptcy Act and concluded that these creditors had an unfair advantage over the debtor. Congress intended that the debtor use the avoiding power under Section 522(f) of the Bankruptcy Code, to eliminate this unfair advantage. *See Legislative History, supra.*

The Commission on the Bankruptcy Laws of the United States, which studied the practice of bankruptcy under the Bankruptcy Act and proposed many of the new provisions of the Bankruptcy Code, stated in its report to Congress that:

> Subdivision (f) avoids one of the means by which the policy of Section 6 of the Act (the exemption section) was frustrated. Exemptions under this section cannot be affected by judicial liens or agreements other than an indefeasible security agreement. H.R.Doc.No. 93–137, 93rd Cong. 1st Sess. Pt. II (1973).

Subsection (f) of 11 U.S.C. § 522 grants this avoiding power with regard to any exemption allowed pursuant to 11 U.S.C. § 522(b) including the state option. If a state opts–out of the Federal exemption it does not affect the debtor's power under subsection (f):

> "Though the property on which liens that may be avoided is the same as several of the exemptions allowed by the Code, a debtor who claims the state exemption may avoid a lien in such property to the extent that such an exemption is allowed by the state. Subsection (f) grants this avoiding power with regard to any exemption allowed under subsection (b) including the state option. The avoiding power of subsection (f) is independent of any exemption. In addition, if a state opts out of the federal exemption, it does not affect the debtor's power under subsection (f)."

3 *Collier on Bankruptcy* § 522.29 (15th ed. 1979). Thus, although Virginia opted out of the Federal exemptions of 11 U.S.C. § 522(d) pursuant to *Virginia Code Ann.* § 34–3:1 1980 Cum.Supp., the exemptions claimed by a Virginia debtor under the Virginia homestead laws are still protected by the debtor's ability under 11 U.S.C. § 522(f) to avoid judgment liens and non–possessory non–purchase money security interests in certain household and personal goods to the extent of the exemptions allowable under Virginia law.

In the recent decision *In Re Hill*, 4 B.R. 310, 6 B.C.D. 307 (Bkrtcy., N.D.Ohio, 1980) Judge White on almost identical facts held that the supremacy clause Art. 6, Clause 2 of the United States Constitution vitiated the efficacy of Ohio law in conflict with the Federal Bankruptcy Statute § 522(f).

In another recent decision, *In Re Mulcahy*, 3 B.R. 454, 1 C.B.C. 2nd 887 (Bkrtcy., S.D.Ind.1980) the Bankruptcy Court held that where the debtors owned living room furniture which was exempt under 11 U.S.C. § 522, a security interest held by a creditor as a result of a consumer credit sale could be avoided under § 522(f), even where the creditor had filed a financing statement to perfect its security interest. Importantly, Indiana like Virginia has chosen to "opt–out" of the Federal exemption provisions of § 522(d) and utilize the state exemptions. Clearly, merely because a state chooses to opt out of the Federal exemption scheme does not in any way negate the effect and validity of § 522(f). *See* 3 *Collier on Bankruptcy* § 522.29 (15th ed. 1979).

With requisite authority, as stated in *In re Cox*, 4 B.R. 240, 6 B.C.D. 434 (Bkrtcy., S.D.Ohio, 1980) a state is permitted by 11 U.S.C. § 522(b) to specifically deny debtors the availability of exemptions listed in 11 U.S.C. § 522(d). Without specific authority the law of the State of Virginia cannot be read to deprive a debtor of the remedy provided by Subsection 522(f). The avoidance of such liens is a valid exercise of the Bankruptcy powers conferred upon the Congress of the United States.

Thus, § 522(f) is a remedial device to implement the rights to exemptions adopted by either Federal or State law. To permit State law to defeat this right would contravene the paramount and supreme authority granted by the United States Constitution to the Congress to enact a uniform system of Bankruptcy.

Notwithstanding, this Court is compelled to follow the authorities cited and find that the Debtor, Rodgers, may avoid the lien of Beneficial.

The authorities cited as well as the legislative history clearly allow a debtor to avoid otherwise valid security interests by claiming the property as exempt. The Debtor's exemptions are protected, notwithstanding a waiver by the Debtor of his exemptions.

Under prior law, a homestead waiver note holder could stay discharge and pursue property sought to be exempt by homestead deed. *See Lockwood v. Exchange Bank* (1903) 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061, 10 ABR 107. The legislative history of 11 U.S.C. § 541 states that the new Code specifically overrules *Lockwood.* This is additional support for the exception claimed by the Debtor, Rodgers, and sustained herein.