In the Matter of Roger BUCHANAN and Deary Mae Buchanan, Debtors.

Roger BUCHANAN and Deary Mae Buchanan, Plaintiffs,

v.

LEADER FURNITURE COMPANY, Defendant.

Bankruptcy No. 1–80–02075.

United States Bankruptcy Court, S. D. Ohio, Western Division.

May 5, 1981.

Wayne F. Wilke, and Robert A. Goering, Cincinnati, Ohio, for debtors-plaintiffs.

Stuart L. Richards, Cincinnati, Ohio, for creditor-defendant.

## ORDER DENYING CREDITOR'S OBJECTION TO AVOIDANCE OF LIEN

LEONARD C. GARTNER, Bankruptcy Judge.

This cause came on to be heard upon the filing of an objection by Leader Fürniture Company on October 17, 1980 to the debtors' application for the avoidance of a lien.

The debtors seek avoidance of liens on items of furniture purchased from the creditor on four separate occasions from 1977 to 1979. The legal question is whether the security interest of Leader in the furniture claimed exempt by the debtors is a purchase money security interest.

1. 11 U.S.C. § 522(f) provides in part: "Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) A judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishing, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

The fourth and final retail installment contract entered into on February 29, 1979 which granted Leader a security interest contained the following language:

"We understand and agree that merchandise purchased previously on 9/78–4/78–9/77 on which we have heretofore executed security agreement, which agreement is incorporated herein by reference and made a part hereof, is subject to all the terms and conditions of this agreement.

PAYMENT. Having been advised of the amount of the Cash Price and the Deferred Payment Price, respectively, Buyer, jointly and severally (if more than one), elects to purchase the property described above at the Deferred Payment Price specified herein and promises to pay Seller, its successors or assigns, a Total of payments of $2937.60 in 36 consecutive monthly installments of $81.60 each, beginning the 27th day of Mar , 1974, and continuing on the same day of each succeeding month until fully paid, payable at Seller's business address, unless another place is designated in writing by Seller, its successors or assigns.

PREPAYMENT. Full prepayment before maturity entitles Buyer to a refund computed by the Rule of 78ths (sum-of-digits) method, applied to the Finance Charge (after deducting a $10.00 acquisition charge) and credit insurance charges. Any unpaid delinquency charges will be deducted from the refund. All finance charges shown on contract will be deducted if paid in full within 90 days.

SECURITY. This contract is secured by (a) a purchase money security interest under the Uniform Commercial Code in the property described above and (b) any insurance for which a charge is made. Buyer agrees that subsequent sales may

be added to or consolidated with this contract, in which case the property described above will secure such future indebtedness to the extent permitted by law."

All items of furniture purchased in September 1977, April 1978, September 1978 were listed as security for the entire purchase price stated above. After each transaction, the creditor added on the prior furniture already purchased and listed it on the new contract. The interest in each prior transaction was rebated and then recomputed on the new purchase together with the balance owing from the previous purchases. As a result, a security interest was held in all furniture (both new and old). As stated in the foregoing contract language, prior sales were added to the immediate contract. Therefore, collateral was being used herein to secure not only debt representing the present purchase, but also debts incurred previously.

A filing of the security agreement in order to perfect them was never made by Leader, relying instead upon the statutory exemption from filing provided for in O.R.C. § 1309.21 which states:

"(A) a financing statement must be filed to perfect all security interest except the following: * * * *

(4) a purchase money security interest in consumer goods."

A purchase money security interest is defined as follows:

"O.R.C. § 1309.05. A security interest is a 'purchase money security interest' to the extent that it is: (a) taken or retained by the seller of collateral to secure all of (or) part of its price, or (b) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used."

In the instant situation the only portion of the Leader debt applicable to these statutes is that apportionable to the last purchase. The "add on" of the previous secured transactions to the latest transaction makes them non-purchase money and hence recordable, and hence avoidable. See: *In*

*Re Norrell*, 426 F.Supp. 435 (M.D.Ga., 1977); see also: *In Re Krulik*, 6 B.R. 443 (Bkrtcy. M.D.Tenn., 1980).

IT IS SO ORDERED.