In re Melvin S. FALCK, Debtor.

Melvin S. FALCK, Plaintiff,

v.

HOUSEHOLD FINANCE
CORPORATION,
Defendant.

HOUSEHOLD FINANCE
CORPORATION,
Counter-Claimant,

v.

Melvin S. FALCK, Jr., aka Melvin S.
Falck, Patricia A. Falck,
Counter-Defendants.

Bankruptcy Nos. 80–3259–JD,
LA 80–08950–JD.

United States Bankruptcy Court,
C. D. California.

July 17, 1981.

Styskal, Wiese & Melchione, North Hollywood, Cal., for plaintiff.

Slate & Leoni, Los Angeles, Cal., for defendant.

## OPINION

JAMES R. DOOLEY, Bankruptcy Judge.

The controlling legal issue in this case is whether 11 U.S.C. § 522(f)(2)(A) allows a debtor, who elects exemptions under California law, to avoid a nonpossessory, non-purchase-money security interest in household furnishings, goods, and appliances. However, the issue arises in the context of a debtor husband who claimed the Federal exemptions and a debtor wife who claimed the California exemptions, and a factual dispute as to the value of certain household furnishings, goods, and appliances.

## FACTS

On or about September 13, 1979, the defendant, Household Finance Corporation (hereinafter "HFC"), made a loan to the debtors, Melvin S. Falck and Patricia A. Falck, husband and wife; and the debtors granted to HFC a nonpossessory, nonpurchase-money security interest in various household furnishings, goods and appliances. At the time of trial there was a principal balance due to HFC on the loan of $2,543.85.[1]

On September 4, 1980, the debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The debtor husband claimed the Federal exemptions under 11 U.S.C. § 522(d), while the debtor wife claimed exemptions under the statutes of the State of California.

On October 30, 1980, the debtor husband filed a complaint seeking to avoid, pursuant to 11 U.S.C. § 522(f), HFC's security interest in his household furnishings, goods, and appliances. HFC filed an Answer To Complaint And Counterclaim in which it alleged, *inter alia*, that certain items of personal property have a value in excess of $200.00 and therefore HFC's lien cannot be avoided to the extent to which items exceed $200.00 in value. The items referred to by HFC, the value of each item claimed by HFC, and the value of each item as found by the court are set forth below:

| Item | Value Claimed By HFC | Value Found[2] By Court |
|---|---|---|
| a. One 8' vinyl light brown sofa, stuffed | $600.00 | $100.00 |
| b. One 8' X 2' solid rosewood cabinet with doors and three shelves | $800.00 | $300.00 |
| c. One Marantz #4430 Quadradial 4 Receiver, Rem. Cont. | $900.00 | $350.00 |

1. The documents relating to HFC's loan and the security interest granted to HFC do not appear to have been made a part of the record. However, the facts relating to the loan and the granting of the security interest were undisputed. A list of various household furnishings, goods, and appliances were attached to HFC's counterclaim; and it was undisputed that HFC had a nonpossessory, nonpurchase-money security interest in these items. It was also undisputed that the debtors owed HFC a principal balance of $2,543.85 after the refund of unearned charges.

2. The value and status of exempt property is determined as of the date the bankruptcy petition was filed. *Matter of Boozer*, 4 B.R. 524, 526 (Bkrtcy.N.D.Ga.1980); *In Re Crump*, 2 B.R. 222, 223 (Bkrtcy.S.D.Fla.1980). And value with respect to exemptions is defined as "fair market value as of the date of the filing of the petition". 11 U.S.C. § 522(a)(2); *In Re Walsh*, 5 B.R. 239, 240 (Bkrtcy.D.C.1980).

| | | |
|---|---|---|
| d. One RCA VT400 Video Tape Recorder | $1,050.00 | $525.00 |
| e. One Antique Edison phonograph (1913) W/10 cylinders | $700.00 | $200.00 |
| f. One double bass violin (musical instrument) | $400.00 | $150.00 |
| g. One Panasonic #NE7910 microwave oven | $580.00 | $290.00 |

HFC asked this court to determine that defendant's security interest in the items described in the preceding paragraph is not avoidable, to dissolve the automatic stay, and to order the debtor to surrender to HFC these items of collateral.

## LEGAL ANALYSIS

■ It was proper for the debtor husband to claim the Federal exemptions and for the debtor wife to claim the California exemptions (See 11 U.S.C. § 522(m); *In Re Collins*, 5 B.R. 675, 6 B.C.D. 834 (Bkrtcy.N.D.Cal.1980)); and in the view of this court, both exemptions may be utilized, to the extent that they may be applicable, to exempt the debtors' household furnishings, goods and appliances. Cf. *In Re Ancira*, 5 B.R. 673 (Bkrtcy.N.D.Cal.1980).

Under the Federal exemptions, the exemption in household furnishings, goods and appliances is limited to the debtors' interest "not to exceed $200 in value in any particular item" [3]; while the California exemption statute relating to necessary household furnishings, goods and appliances has no monetary limit.[4]

■ The debtors contend that to the extent that any of the items exceed $200 in value, they are exempt under Section 690.1 of the California Code of Civil Procedure and that 11 U.S.C. § 522(f)(2) thus allows the debtors to avoid HFC's lien in its entirety. The court rejects this contention in the

3. 11 U.S.C. § 522(d) provides in part as follows:
   "(d) The following property may be exempted under subsection (b)(1) of this section:
   *   *   *   *   *   *
   (3) The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."

4. Section 690 of the California Code of Civil Procedure provides in part as follows:
   "§ 690. Exemptions; debtor; creditor
   (a) Except as otherwise specifically provided, the property mentioned in Sections 690.1 to 690.29, inclusive, is exempt from execution when claim for exemption is made to the same by the judgment debtor or defendant as hereinafter in Section 690.50 provided."
   And Section 690.1 of the California Code of Civil Procedure provides:
   "§ 690.1. Exemptions; household furnishings and appliances; apparel; piano; radio; television; provisions and fuel; shotgun; rifle; family art
   Necessary household furnishings and appliances and wearing apparel, ordinarily and reasonably necessary to, and personally used by, the debtor and his resident family, including, but not limited to, one piano; one radio and one television receiver; provisions and fuel actually provided for the debtor and his resident family's use, sufficient for three months; one shotgun and one rifle. Works of art shall not be exempt unless of or by the debtor and his resident family."

light of Section 690.52 of the California Code of Civil Procedure, which provides as follows:

"§ 690.52. Judgment for price or of foreclosure; exemption

No article, however, or species of property, mentioned in Section 690.1 to 690.29, inclusive, of this code is exempt from execution issued upon a judgment recovered for its price, or upon a judgment of foreclosure of a mortgage or other lien thereon."

Under the above-quoted statute, a valid lien may be enforced against property notwithstanding the exemption provisions contained in Sections 690.1 to 690.29, inclusive, of the California Code of Civil Procedure. *Danielson v. Stokes*, 214 Cal.App.2d 234, 237, 29 Cal.Rptr. 489 (1963); *Willen v. Willen*, 121 Cal.App. 351, 8 P.2d 942 (1932); Witkin, California Procedure, 2nd Ed., Enforcement of Judgment § 28 (p. 3409); 16 Cal.Jur.3d Creditors' Rights § 15 (pp. 368–369); Elliott Leighton, "The 'Care and Feeding' of Creditors' Claims Under California Procedure", 14 Hastings Law Journal 1, 7–8.

11 U.S.C. § 522(f) provides in part as follows:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property *to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section*, if such lien is—

\* \* \* \* \* \*

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;" [Emphasis Added]

Since the exemption granted by Section 690.1 of the California Code of Civil Proce-

dure is subordinate to the enforcement of a valid lien, the enforcement of HFC's security interest in this case would not impair an exemption to which the debtor wife would have been entitled under the statutes of the State of California. Cf. *In re Babcock*, 9 B.R. 475 (Bkrtcy.W.D.La.1981); *In re Panesky*, 5 B.R. 201 (Bkrtcy.N.D.Ohio 1980); contra: *In re Curry*, 5 B.R. 282 (Bkrtcy.N.D.Ohio 1980); *In re Hill*, 4 B.R. 310 (Bkrtcy.N.D.Ohio 1980); *Matter of Cox*, 4 B.R. 240 (Bkrtcy.S.D.Ohio 1980); see also *In re Giles*, 9 B.R. 135, 138–139 (Bkrtcy.E.D.Tenn.1981); *In re Rodgers*, 5 B.R. 761, 762–765 (Bkrtcy.W.D.Va.1980).

While the authorities cited in the preceding paragraph are conflicting, this court is persuaded by the reasoning of the courts in the *Babcock* and *Panesky* cases, *supra*. Moreover, the factual situation in the present case differs from the factual situation in the cases cited. The decisions in *Panesky, Curry, Hill*, and *Cox, supra* were rendered by bankruptcy courts in Ohio, after the Ohio legislature had "opted out" of the Federal exemptions pursuant to 11 U.S.C. § 522(b)(1). Also, in the *Babcock, Giles*, and *Rodgers* cases, *supra*, the legislatures of Louisiana, Tennessee, and Virginia, respectively had "opted out" of the Federal exemptions. Thus, in those cases there was danger that 11 U.S.C. § 522(f) would be rendered completely ineffective. No such danger exists in the present case, since 11 U.S.C. § 522(f) is effective to avoid the lien of HFC to the extent that the debtors are entitled to the Federal exemption under 11 U.S.C. § 522(d)(3).

CONCLUSION

The debtors are entitled to avoid the lien of HFC only to the extent of the exemption authorized by 11 U.S.C. § 522(d)(3). Therefore, HFC still retains a security interest in those items of property heretofore listed in this Opinion, to the extent that the value of these items as found by the court exceeds $200. HFC still retains a security interest in the following items: [5]

---

5. Since filing their bankruptcy petition the debtors have separated. Of those items in which HFC still retains a security interest, only item "b", the rosewood cabinet, is in posses-

sion of the debtor husband. The remaining three items are in possession of the debtor wife.

|  | Item | Value Found By Court | Extent of HFC's Security Interest |
|---|---|---|---|
| b. | One 8' X 2' solid rosewood cabinet with doors and three shelves | $300.00 | $100.00 |
| c. | One Marantz #4430 Quadradial 4 Receiver, Rem. Cont. | $350.00 | $150.00 |
| d. | One RCA VT400 Video Tape Recorder | $525.00 | $325.00 |
| g. | One Panasonic #NE7910 microwave oven | $290.00 | $ 90.00 |

This Opinion contains findings of fact and conclusions of law as required by Bankruptcy Rule 752(a).