In re Paul Wayne PHILLIPS and Gertrude Hildegard Phillips, Debtors.

Paul Wayne PHILLIPS and Gertrude Hildegard Phillips,
Debtors-Plaintiffs,

v.

HOUSEHOLD FINANCE CORPORATION,
Defendant.

In re Gary Lee LANCE, aka Gary L. Lance, aka Gary Lance, and Loretta Maude Lance, aka Loretta M. Lance, aka Loretta Lance, Debtors.

Gary Lee LANCE and Loretta Maude Lance, Debtors-Plaintiffs,

v.

BARCLAYS OF AMERICA, Defendant.

In re James Michael DOLAN aka James M. Dolan and Lynn Marie Dolan aka Lynn M. Dolan, Debtors.

James Michael DOLAN and Lynn Marie Dolan, Debtors-Plaintiffs,

v.

BENEFICIAL FINANCE COMPANY,
Defendant.

In re Melvin MOSLEY and Marjorie Yvonne Mosley, aka Marjorie Y. Mosley, aka Marjorie Mosley, aka Yvonne Mosley, Debtors.

Melvin MOSLEY and Marjorie Yvonne Mosley, Debtors-Plaintiffs,

v.

BARCLAY'S AMERICAN FINANCIAL,
Defendant.

Bankruptcy Nos. 580–1916, 581–176, 581–312 and 581–311.
Adv. Nos. 581–0031, 581–0234, 581–0251 and 581–0362.

United States Bankruptcy Court, N. D. Ohio.

Aug. 28, 1981.

Frank E. Steel, Jr., Akron, Ohio, for Household Finance Corp., Barclays American Financial, Beneficial Finance Co.

Carl Hirsch, Akron, Ohio, for Paul and Gertrude Phillips.

Darla Hanlon, Hyatt Legal Services, Akron, Ohio, for Melvin and Yvonne Mosley.

Harold Corzin, Akron, Ohio, for James and Lynn Dolan.

Gregory A. Thompson, Hyatt Legal Clinics, Akron, Ohio, for Gary and Loretta Lance.

## FINDING AS TO AVOIDANCE OF NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST IN HOUSEHOLD GOODS, PURSUANT TO 11 U.S.C. SECTION 522(f)

H. F. WHITE, Bankruptcy Judge.

In each of the four above-named cases, plaintiffs, debtors in Chapter 7 proceedings under Title 11 U.S.C., filed complaints against the defendants to avoid the defendants' nonpossessory, nonpurchase-money security interests on plaintiffs' household goods, pursuant to 11 U.S.C. § 522(f). Defendants filed answers to said complaints claiming their liens were not subject to avoidance under 11 U.S.C. § 522(f).

Upon agreement of the parties, the complaints to avoid liens were held in abeyance pending a determination of the validity of the liens, under Section 522(f) of the Bankruptcy Code and under the Ohio Revised Code, in similar cases pending on appeal to the District Court. The United States District Court, Northern District of Ohio, Eastern Division, on May 29, 1981, in the case of *Curry, et. al. v. Associates Financial Services*, 11 B.R. 716, 7 B.C.D. 968, affirmed the orders of the bankruptcy courts allowing the avoidance of liens under 11 U.S.C. § 522(f).

Defendants now contend that their liens are not subject to avoidance under 11 U.S.C. § 522(f) because no exemptions exist under Ohio law pursuant to Ohio Revised Code Section 2329.661(C) and therefore demand that the complaints to avoid the liens be dismissed. Defendants did not desire to file briefs with the court in support of their position. Defendants and plaintiffs agreed to submit the matter to the court upon the following agreed facts.

## FINDING OF FACT

1. Defendants took nonpossessory, nonpurchase-money security interests on Plaintiffs' household goods as security for the loans Defendants made to Plaintiffs.

2. The nonpossessory, nonpurchase-money security interests in household goods were taken after the November 6, 1978 enactment date of the Bankruptcy Code in the *Lance* case and after the October 1, 1979 effective date of the Bankruptcy Code in the *Phillips, Dolan*, and *Mosley* cases.

3. Plaintiffs, in Schedule B–4 of their petitions, claimed their household goods and furniture exempt under Ohio Rev.Code Section 2329.66(A)(4)(b). There were no objections, by any party in interest, to the property claimed as exempt by Plaintiffs.

4. No particular item of the household goods and furniture claimed exempt exceeded $200.00 in value.

5. Plaintiffs valued their household goods and furniture claimed exempt at the following amounts: *Phillips* case—$1,245.00; *Lance* case—$1,015.00; *Dolan* case—$1,861.00; and *Mosley* case—$1,550.00.

## ISSUE

The issue is whether a debtor, domiciled in Ohio, may avoid a nonpossessory, nonpurchase-money security interest in household goods pursuant to 11 U.S.C. Section 522(f), notwithstanding Ohio Rev.Code Section 2329.661(C), the State of Ohio exemption law provision disallowing any exemption that would invalidate an existing security interest.

## DISCUSSION OF LAW

An examination of the interaction of Federal bankruptcy law and the State of Ohio exemption law is necessary to resolve the issue. Federal bankruptcy law, 11 U.S.C. Section 522(f) permits a debtor to avoid nonpossessory, nonpurchase-money security interests in household goods to the

extent that such liens impair exemptions to which the debtor would have been entitled under subsection 522(b).[1] The liens of Defendants, herein, are nonpossessory, non-purchase-money security interests in household goods and thus qualify for avoidance under 11 U.S.C. Section 522(f). The dispute centers around the language of Section 522(f) as to the extent to which the liens may be avoided. The lien may be avoided "... to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, ..."

Section 522(b) gives a debtor the choice of exempting from property of the estate either (1) the Federal exemptions established by Congress and set forth in subsection (d) of Section 522 or (2) the State exemptions established by the State legislature of the State where the debtor is domiciled for 180 days preceding the filing of his petition, if said State denies debtors the federal exemptions listed in Section 522(d).[2]

Under the Bankruptcy Act of 1898 as amended, what property was exempt was determined under State law. The legislative history surrounding the enactment of the Bankruptcy Reform Act of 1978 (The Bankruptcy Code) clearly shows that Congress intended that a debtor be given sufficient exemptions to assure a fresh start and provides as follows:

> Though exemption laws have been considered within the province of State law under the current Bankruptcy Act, H.R. 8200 adopts the position that there is a Federal interest in seeing that a debtor that goes through bankruptcy comes out with adequate possessions to begin his fresh start. Recognizing, however, the circumstances do vary in different parts of the country, *the bill permits the States to set exemption levels appropriate to the locale,* and allows debtors to choose between the State exemptions and the Federal exemptions provided in the bill. Thus, the bill continues to recognize the States' interest in regulating credit within the States, but enunciates a bankruptcy policy favoring a fresh start. H.R. Rep.No.595, 95th Cong. 1st Sess. 126 (1977), U.S.Code Cong. & Admin.News, 1978, p. 5787 (emphasis added)

11 U.S.C. Section 522(b) gives the States the authority to "set exemption levels appropriate to the locale." Thus, the type of property that may be exempted and/or the maximum value of an item that may be exempted may vary from state to state.

The General Assembly of the State of Ohio, pursuant to the authority granted it in 11 U.S.C. § 522(b)(1), "opted out" of the

---

1. 11 U.S.C. Section 522(f) provides:

   Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
   (1) a judicial lien; or
   (2) a nonpossessory, nonpurchase-money security interest in any—
   (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
   (B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
   (C) professionally prescribed health aids for the debtor or a dependent of the debtor.

2. 11 U.S.C. Section 522(b) provides:

   Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
   (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
   (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and
   (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

Federal exemptions set forth in Section 522(d) and established its own list of exemptions available to a debtor in bankruptcy domiciled in Ohio. Ohio Rev.Code Section 2329.662 provides:

> Pursuant to the "Bankruptcy Reform Act of 1978", 92 Stat. 2549, 11 U.S.C.A. § 522(b)(1), this state specifically does not authorize debtors who are domiciled in this state to exempt property specified in the "Bankruptcy Reform Act of 1978". 92 Stat. 2549, 11 U.S.C.A. § 522(d).

█ Thus, a debtor in bankruptcy domiciled in Ohio is precluded from selecting the Federal exemptions listed under 11 U.S.C. Section 522(d) and may only exempt from his bankruptcy estate, the property that is specified under Ohio Rev.Code Section 2329.66(A).

Ohio Rev.Code Section 2329.66(A)(4)(b) entitles the debtor to hold exempt ". . . , the person's interest, not to exceed two hundred dollars in any particular item, in household furnishings, household goods, appliances, . . . , that are held primarily for the personal, family, or household use of the person." The language of the Federal exemption provision dealing with household goods, 11 U.S.C. Section 522(d)(3), is very similar to the above-quoted Ohio exemption provision. Debtors, herein, claimed their household goods exempt under Ohio Rev.Code Section 2329.66(A)(4)(b) and there were no objections, by any party in interest, to the exemptions claimed.[3]

In a recent case, dealing with the identical issue before this Court herein, the Bankruptcy Court observed that:

> . . . , if the Ohio law extended no further, unquestionably this debtor would be entitled to exemption of her household goods and furnishings and would be able to avoid the fixing of a lien against that interest. However, Ohio has apparently taken a quantum leap beyond the permissive language of Subsection 522(b).

*Matter of Cox,* 4 B.R. 240 at 242 (Bkrtcy. S.D.Ohio 1980).

The "quantum leap" referred to in the *Cox* decision is Ohio Rev.Code Section 2329.661(C) which provides that: "Section 2329.66 of the Revised Code does not affect or invalidate any sale, contract of sale, conditional sale, security interest, or pledge of any personal property or any lien created thereby." Defendants contend that the effect of Section 2329.661(C) of the Ohio Rev. Code is to deny debtors domiciled in Ohio the availability of Section 522(f) of the Bankruptcy Code to avoid certain liens. This Court disagrees with Defendant's interpretation of the interaction between the Federal bankruptcy law provisions and the State of Ohio exemption law provisions. The United States District Court for the Northern District of Ohio in the case of *Curry, et al. v. Associates Financial Services,* 11 B.R. 716, 7 B.C.D. 968 at 970 (N.D. Ohio 1981), summarized the argument of creditors as follows:

> In short, it is argued that the encumbered personal property is not exempt under the applicable state law and therefore cannot be exempt from the bankrupt's estate under 11 U.S.C. Section 522(b). Consequently, it is further maintained that the federal lien avoidance provision is not available as there is no exemption to which the bankrupt is entitled. This construction of the relationship between the Ohio exemption statute and the Reform Act is unsupportable.

As stated in *Cox,* 4 B.R. at 242:

> The pivotal question that surfaces is whether Congress intended to not only allow States to determine which list of exemptions would be available to a debtor, but also to permit State law to modify or preempt *other substantive areas of the* Bankruptcy Code.
>
> A close scrutiny of the Bankruptcy Code produces no specific authority for the States to enact laws beyond selecting debtor exemption entitlements.
>
> . . . No authority can be found which would allow States to deny debtors the

---

**3.** 11 U.S.C. Section 522(l) provides, in pertinent part, that: "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt."

availability of Subsection 522(f) to avoid the fixing of certain liens.

*Collier on Bankruptcy* supports the view taken in *Cox* and states that subsection (f) (of 11 U.S.C. Section 522) grants the avoiding power with respect to any exemption allowed under subsection (b) (of 11 U.S.C. Section 522) including the state option. If a state opts out of the federal exemption, it does not affect the debtor's power under subsection (f). *3 Collier on Bankruptcy* Section 522.29 (15th ed. 1979).

The United States District Court, in *Curry* at 971, explained the authority Congress granted the States as follows:

> While the states are permitted not to authorize the federal exemptions but instead make the state exemptions available in bankruptcy proceedings, Congress did not permit the states to exercise any discretion over lien avoidance. Lien avoidance was a congressional response to what was perceived as a nationwide problem. Dragnet security interests in household goods and personal property seriously threatened the rehabilitation of the bankrupt and therefore one of the overriding goals of federal bankruptcy law.

■ The power of Congress to legislate in the area of bankruptcies is plenary.[4] Pursuant to the supremacy clause, U.S. Const. art. VI, cl. 2, any state legislation which frustrates the full effectiveness of federal law is rendered invalid.[5] "A state is without power to make or enforce any law governing bankruptcies that impairs the obligation of contracts or extends to persons or property outside its jurisdiction or conflicts with national bankruptcy laws." *Internat. Shoe Co. v. Pinkus*, 278 U.S. 261 at 263–64, 49 S.Ct. 108 at 109, 73 L.Ed. 318 (1929).

■ Ohio Rev.Code Section 2329.661(C), providing that Section 2329.66 of the Ohio Rev.Code, the statute listing exemptions, does not affect or invalidate security interests, conforms with the constitutional prohibition against any state law impairing the obligation of contracts, U.S.Const. art. I, section 10, and is applicable to a debtor in the state courts. However, Ohio Rev.Code Section 2329.661(C) is in direct conflict with 11 U.S.C. Section 522(f) and "... any conflict between the state lien conservation provision and the federal lien avoidance provision must be constitutionally resolved in favor of the federal law... The Ohio lien conservation section is inoperable in bankruptcy proceedings and has no effect upon the bankrupt's ability to claim exemptions or avoid liens." *Curry* at 971.

Therefore, it is the conclusion of this Court that debtors, domiciled in Ohio, may avoid nonpossessory, nonpurchase-money security interests in their household goods pursuant to 11 U.S.C. Section 522(f), the Federal bankruptcy law provision permitting lien avoidance, notwithstanding Ohio Rev.Code Section 2329.661(C), the State of Ohio exemption law provision disallowing any exemption that would invalidate an existing security interest.

---

**4.** *See, Sturges v. Crowninshield*, 17 U.S. (4 Wheat.) 122, 192, 4 L.Ed. 52 (1819).

**5.** *See, Perez v. Campbell*, 402 U.S. 637 at 652, 91 S.Ct. 1704 at 1712, 29 L.Ed.2d 233 (1971);

*Moore v. Bay*, 284 U.S. 4 at 5, 52 S.Ct. 3, 76 L.Ed. 133 (1931); *Globe Bank v. Martin*, 236 U.S. 288 at 298, 35 S.Ct. 377 at 380, 59 L.Ed. 583 (1914).