**In the Matter of Larry Paul LAY, Shelley Arlene Lay, Debtors.**

**Bankruptcy No. 1–81–02329.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Dec. 14, 1981.

Harrison T. Green, Norwood, Ohio, for debtors Larry P. Lay and Shelley A. Lay.

Paul E. Lukey, Cincinnati, Ohio, for creditor Westinghouse Credit Corp.

ORDER GRANTING DEBTOR'S APPLICATION FOR AVOIDANCE OF LIEN OF WESTINGHOUSE CREDIT CORPORATION.

LEONARD C. GARTNER, Bankruptcy Judge.

This cause came on to be heard upon the objection of Westinghouse Credit Corporation, creditor herein, on September 16, 1981, to the debtor's application for the avoidance of its lien.

The question is whether or not the security interest of creditor in debtor's household goods is purchase money so as to be non-avoidable under 11 U.S.C. 522(f). This Court has previously decreed that it is not under the circumstances herein. *Matter of Buchanan*, 10 B.R. 846 (Bkrtcy.S.D.Ohio, 1981).

Debtor, Larry P. Lay, purchased (before his present marriage) a television set which Westinghouse financed. In December, 1980, both debtors purchased a microwave oven and signed a new security contract with the creditor. However, Westinghouse "added on" the prior transaction and listed it on the new contract. The interest figure from the old purchase was rebated and then recomputed on the new purchase together with the balance previously owed. Debtor

received a new payment schedule which reflected higher monthly payments. Creditor, as a result, holds a security interest in both items of personal property, but only the later is "purchase money" as defined under O.R.C. § 1309.05 and non-avoidable under 11 U.S.C. § 522(f).

The collateral herein was being used to secure not only the debt representing the later purchase, but also the debt incurred earlier. Therefore, the "add on" of the prior secured transaction to the last transaction abrogates the earlier purchase money character, and hence is avoidable. 10 B.R. at 848.

The lien of Westinghouse Credit Corporation resulting from the purchase, by the debtor of the television set in April, 1980 is avoided.

Counsel for the creditor urges that 11 U.S.C. § 522(f) is inapplicable in Ohio to avoid security interests in household goods under O.R.C. 2329.66 et seq. This Court has held contra. See: *In Re Whissel*; No. 1–79–02248, (S.D.Ohio, 1980); See also: *Matter of Cox*, 4 B.R. 240 (Bkrtcy.S.D.Ohio, 1980).

SO ORDERED.