**In re Herbert S. SWARTZ, Debtor.**

**William A. BROWN, Trustee, Plaintiff,**

v.

**Herbert S. SWARTZ, Defendant.**

**Bankruptcy No. 80–00983–JG.
Adv. No. A81–0317.**

United States Bankruptcy Court,
D. Massachusetts.

Feb. 9, 1982.

Barron & Stadfeld, Boston, Mass., for plaintiff.

Mahoney, Hawkes & Goldings, Boston, Mass., for defendant.

## MEMORANDUM

JAMES N. GABRIEL, District Judge.

This adversary proceeding was filed by William A. Brown, Trustee, against the debtor, Herbert S. Swartz. The plaintiff is seeking a determination that the debtor is only entitled to a single $4,000.00 life insurance exemption in the value of any existing life insurance policies under 11 U.S.C. Section 522(d)(8). The debtor after the filing of his bankruptcy petition and pursuant to 11 U.S.C. Section 522(d)(8), borrowed $17,-893.01 against the loan value of eight (8) life insurance policies which were in force on the date of the filing.

The trustee seeks herein to recover the excess pursuant to his avoidance powers under 11 U.S.C. Section 549.[1]

The trustee alleging no outstanding issue of material fact, has filed a motion for summary judgment. The debtor, opposing judgment, contends that 11 U.S.C. Section 522(d)(8) entitles him to an exemption of up to $4,000.00 in each and every life insurance policy in effect on the date of filing.

The court finds that the facts herein are not in dispute and that Bankruptcy Rule 756 and Rule 56(c) of the Federal Rules of Civil Procedure which establish a bifurcated standard to govern summary judgment motions apply. Specifically the court will render judgment where:

1. There is no genuine issue as to any material fact, and

2. the moving party is entitled to judgment as a matter of law.

See also: *Arenas v. U. S.*, 322 U.S. 419, 64 S.Ct. 1090, 88 L.Ed. 1363 (1944); *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944)

The court finds that there are no outstanding issues as to any material fact. The only issue herein is the proper interpretation of the exemption provision found in Section 522(d)(8).

In relevant part, 11 U.S.C. Section 522(d)(8) provides:

"(d) The following property may be exempted under subsection (b)(1) of this section: subparagraph *(8)* The debtor's aggregate interest not to exceed in value $4,000.00 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insur-

ance contract owned by the debtor under which the insured is the debtor or individual of whom the debtor is a dependent."

This Legislative history pertinent to this section states in part that the federal exemption: "permits the debtor to exempt up to $5,000.00 in loan value in a life insurance policy owned by the debtor under which the debtor or an individual of whom the debtor is a dependent is the insured." *House Report No. 95–595*, 95th Cong., 1st sess. (1977) 361, U.S.Code Cong. & Admin.News 1978, p. 5787, 6317.

The Committee further states: "a trustee is authorized to collect the entire loan value on every life insurance policy owned by the debtor as property of the estate. First however, the debtor will choose which policy or policies under which the loan value will be exempted." *House Report No. 95–595*, 95th Cong., 1st sess. (1977) 361, U.S. Code Cong. & Admin.News 1978, p. 6317.

It is apparent from this language that congress intended the debtor to have a singular choice as to the policy or policies in which he wished to exercise his exemption. This court finds that the Code, as enacted, provides for this exemption to be applied once and not as a seperate exemption available for application against each and every policy.

The Bankruptcy Act had provided that "when any bankrupt who is a natural person, shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representative, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and con-

---

1. Section 549. Postpetition transactions

    (a) Except as provided in subsection (b) and (c) of this section, the trustee may avoid a transfer of property of the estate—
        (1) that occurs after the commencement of the case; and
        (2)(A) that is authorized under Section 303(f) or 542(c) of this title; or
        (B) that is not authorized under this title or by the court.

    (b) In an involuntary case, a transfer that occurs after the commencement of such case but before the order for relief is valid against the trustee to the extent of any value, including services, but not including satisfaction or securing of a debt that arose before the commencement of the case, given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.

tinue to hold, own and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceeding, otherwise the policy shall pass to the trustee as assets." [2]

In effect this section required the bankrupt to pay to the trustee the cash value of the policy, if the bankrupt wanted to retain such policy. The underlying rationale was to preserve for the bankrupt an existing policy of insurance that he might subsequently have difficulty in obtaining because of age, health or other problems which may have arisen subsequent to the institution of the original policy. *Matter of Fount-Wit Distributors of So. Jersey*, 4 B.R. 424 (Bkrtcy.N.J.1980). The object was to give the bankrupt an opportunity to preserve the policy at the then current premium.

The relevant exemption section of the Bankruptcy Code, Section 522(d)(8), is a clear indication of Congressional intent to take the existing provision under the Bankruptcy Act one step further and entitle the debtor to an exemption of up to $4,000.00 while enabling him to keep the policy intact without paying over its cash surrender value. Although this exemption section entitles the debtor to retain $4,000.00 in value in any life insurance policy, this court specifically finds that it was not intended to create an exemption in each and every policy in effect at the time of the filing. Such an application would be an abuse of the "fresh start" doctrine. If the debtor were allowed to use assets to purchase two or more life insurance policies, create a significant cash value in each and then be entitled to apply the $4,000.00 exemption to each policy individually, he could with little effort and no trouble insulate his cash from his creditors.

■ Although the federal exemptions are to be liberally construed in favor of the debtor, *In re Ancira*, 5 B.R. 673 (Bkrtcy.N.D.Calif., 1980), they were not intended for abuse. The purpose of an exemption under the Bankruptcy Code is not for the personal privilege of the debtor, but for the benefit of this family who may be destitute and the public who might otherwise be burdened with the support of an insolvent debtor's family. *In re Ambrose*, 4 B.R. 395 (Bkrtcy. N.D.Ohio 1980).

■ This court finds that the $4,000.00 exemption found in Section 522(d)(8) was intended to provide a single $4,000.00 exemption against the total cash value of any life insurance policy of the debtor. Such an interpretation of the statutory provisions is consistent with the "fresh start" doctrine of the code while not resulting in an abuse which would allow the debtor a safe harbor for his assets at the expense of creditors.[3]

In accordance with the above conclusions of law, the plaintiff's motion for summary judgment is ALLOWED.

---

**2.** 11 U.S.C. Section 110 Bankruptcy Act, Section 70(a)(5).

**3.** See: *N. Carolina L.Rev.*, "Debtors Exemption Rights Under the Bankruptcy Reform Act," Wm. T. Vukovich, Vol. 58, No. 4, April 1980, p. 787.